UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
07 APR 27 AM 11:49

LAURA A. BRIGGS
CLERK

| | |
|---|---|
| NERDS ON CALL, INC., ) | |
| ) | |
| Plaintiff, ) | 1:07-cv-0535-DFH-TAB |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| INTERNET BILLING SERVICES, INC., ) | |
| and RYAN ELDRIDGE, Individually, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

Comes now Plaintiff NERDS ON CALL, INC. (hereinafter "NOC"), by counsel, Theodore J. Minch, and for its Complaint for Damages (hereinafter the "Complaint") against Defendants Internet Billing Services, Inc., a/k/a Nerds on Call, Inc. (hereinafter "IBS") and Ryan Eldridge, Individually (hereinafter "RE"), (IBS and RE may be collectively referred to hereinafter as "Defendants"), hereby states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. NOC is a corporation duly existing and incorporated under the laws of the State of Indiana with its principal office at 9430 Los Robles Road, Fishers, Indiana 46038, United States of America.

2. IBC, upon information and belief, is a corporation incorporated under the laws of State of California with its principal place of business at 215 Lake Boulevard, No. 494, Redding, California 96003.

3. RE, upon information and belief, is an individual and principal of IBC, and is doing business at 215 Lake Boulevard, No. 494, Redding, California 96003.

4. NOC is a citizen of the State of Indiana and the venue of the Southern District of Indiana, Indianapolis Division; the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000) exclusive of interest, costs, and attorneys' fees.

5. Defendants are citizens of states other than the State of Indiana (specifically, California) and the venue of the Southern District of Indiana, Indianapolis Division.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332. This Court also has subject matter jurisdiction over the claims in this Complaint arising under the Lanham Act pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. § 1338.

7. This Court has personal jurisdiction over Defendants, as Defendants have committed acts that have caused tortious injury in this Judicial District, the Southern District of Indiana, Indianapolis Division, pursuant to Ind. Code § 32-13-1-9.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Since Defendants are subject to personal jurisdiction in this Judicial District, the Southern District of Indiana, Indianapolis Division, Defendants reside in this Judicial District for the purposes of establishing personal jurisdiction under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. Since at least as early as January 1, 1995, NOC has used the literal elements of the mark "NERDS ON CALL" (hereinafter the "Mark") (i.e. – "NERDS ON CALL") in Interstate Commerce on or in connection with the services provided to by NOC, namely, to assist companies increase profits and individuals live better lives

through the effective use of technology by developing solutions designed to ensure individuals and small businesses achieve maximum return on their technology investment.

12. NOC has continuously utilized and / or protected the Mark since at least as early as January 1, 1995, the first use date of the Mark by NOC.

13. Likewise, NOC has expended countless resources in advertising and / or protecting the Mark since at least as early as January 1, 1995, the first use date of the Mark by NOC.

14. NOC has filed a Federal Trademark Application for the Mark in the United States Patent and Trademark Office in association with Providing Services in the Area of Technology Solutions and Management to Individuals and Corporations in International Class 037; NOC's application is currently pending at the United States Patent and Trademark Office.

## OWNERSHIP BY NERDS ON CALL, INC. OF THE MARK "NERDS ON CALL"

15. As alleged herein, NOC is the owner and proprietor of the trademark "NERDS ON CALL" (the "Mark").

16. As owner and proprietor of the Mark since at least as early as January 1, 1995, NOC is the first to use Mark and, likewise, has continuously used the Mark on or in connection with providing services in the area of technology solutions and management to individuals and corporations in Interstate commerce.

17. Said ownership of the Mark is based upon the fact that NOC is the first to use the Mark in Interstate Commerce and is as a direct and proximate result of NOC's

efforts with regard to the Mark. The Mark has become synonymous with NOC's various business endeavors, some of which include but are not necessarily limited to the installation, maintenance, and repair of computers for homes and businesses.

18. Because NOC has continuously used and protected the Mark in Interstate commerce, the Mark, as owned by NOC, may be protected from such unauthorized, illegal, and infringing uses of the Mark as made by third parties such as IBS without NOC's prior, express approval.

19. NOC's actions to protect its Mark includes but is certainly not necessarily limited to the institution of formal opposition proceedings against any and all unauthorized third party applicant's for the registration of the Mark.

20. Long before the acts herein complained of, the Mark, in this District and in Interstate commerce, has become a well-known service mark associated by the public with NERDS ON CALL, INC.; as such, the Mark represents enormous good will that belongs solely and exclusively to NOC.

21. The Mark is an invaluable asset of NOC for the purpose for designating and distinguishing the goods and / or services provided, sponsored and / or endorsed by NOC; likewise, the Mark is fundamental to the overall value and the legacy of NERDS ON CALL, INC.

## THE ACTIVITIES OF INTERNET BILLING SERVICES, INC. AND RYAN ELDRIDGE, INDIVIDUALLY

22. Upon information and belief, IBS was founded in 2002 under the direction and management of RE, is located in Redding, California, and provides the on-sight repair of computers the home and / or office.

23. Upon information and belief, no earlier than March, 2004, over eight (8) years following NOC's first use of the Mark, and, after being exposed to the Mark as a result of NOC's use of the Mark in Interstate commerce, IBS and RE began using the Mark, without approval of or authorization by NOC.

24. Upon information and belief, IBS' and RE's use of the Mark was then and remains restricted to an area of Northern California; specifically, Redding, California; in short, IBS' unauthorized use of the Mark is not Interstate commerce.

25. On or about November 22, 2004, IBS and RE filed trademark application no. 78/521,149, for the Mark in International Class 037 (the installation, maintenance, and repair of computers for homes and businesses) with the United States Patent and Trademark Office.

26. IBS and RE filed the Application approximately forty-three (43) days after receiving a cease and desist letter from counsel for NOC.[1] See Exhibits A and B, cease and desist letters sent from NoC to Defendants on October 9, 2004 and January 19, 2005.

27. Despite the letters sent to IBS advising Defendants of NOC's prior rights in and to the Mark, upon information and belief, IBS continued to use the Mark, locally, in the Sacramento area of Northern California; said use of the Mark is, upon information and belief, restricted to the Sacramento locale and is not in Interstate Commerce as claimed, in bad faith and under oath, by IBS and RE in support of the Federal trademark application as filed by Defendants.

---

[1] Counsel for NOC's cease and desist letter was dated October 9, 2004 and was sent to Defendants at Defendants' business address (1348 Market Street, Suite 206, Redding, California 96003) via certified mail, return receipt requested (and received). Defendants failed to respond to NOC's cease and desist letter; a second follow-up cease and desist letter was sent to Defendants at Defendants' herein contained business address on or about January 19, 2005. Defendants failed to respond to said correspondence from NOC yet proceeded in filing the Application seven (7) days (November 22, 2004) after receipt of NOC's original letter.

28. On or about March 28, 2007, NOC instituted and filed a formal opposition proceeding against Defendants' Federal Trademark Application for the Mark; said opposition proceeding exists under Case No. 91176474 and is currently pending in the United States Patent and Trademark Office Trademark Trial and Appeal Board.

29. By way of its filing the foregoing application, Defendants, without prior authorization of NOC, is seeking to trade off the goodwill in and to the Mark as created by NOC by obtaining, under the provisions of the Trademark Act of 1946, as amended, registration of the Mark in International Class 037 upon the Principal Register of the United States Patent and Trademark Office.

30. Specifically, via the Internet at Defendants' Internet site www.callnerds.com, actual and potential consumers from the Indiana – Southern District jurisdiction, can utilize Defendants' service and, as such, may be actually confused as to the source, origin, endorsement, and / or sponsorship of Defendants' business activities by NOC.

31. With regard to the specific instances of Defendants' malfeasance where NOC is concerned, Defendants have utilized, without authorization, the Mark as exclusively owned by NOC, at the direction of RE, on or in association with the advertisement of computer repair services.

32. Likewise, Defendants are impermissibly using the Mark extensively on or in connection with Defendants' Internet site, www.callnerd.com.

33. Further, Defendants have knowingly and intentionally misused the Mark in Defendants' sales brochures as connected with the promotion of Defendants' computer repair services.

34. IBS, upon information and belief, at the direction of RE, intentionally misled consumers by engaging in false advertising on its Internet site through the extensive and illegal use of the Mark thereon.

35. NOC maintains written evidence in the form of electronic transmissions from NOC consumers of actual confusion as to the owner of the Mark.

36. As evidence of Defendants' knowing unauthorized use of the Mark, despite receiving cease and desist letters from counsel for NOC (See Exhibits A and B), Defendants maliciously filed a trademark application for the Mark with the United States Patent and Trademark Office, continued to use and expand the use of the Mark on Defendants' Internet site, and continued to use and expand use of the Mark on Defendants' marketing and advertisement materials.

37. The Parties have attempted to resolve the matter of the misuse of the Mark via formal, written correspondence as exchanged between the Parties; all such efforts have been without success to date.

## IRREPARABLE HARM

38. NOC hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 37. of this Complaint for Damages.

39. As a direct and proximate result of Defendants' unauthorized and illegal use of the Mark, NOC will be irreparably injured in that actual and potential customers will be misled and confused regarding the source, sponsorship, and origin of the Mark and NOC's services.

40. Defendants have infringed on NOC's Mark with intent to unfairly trade on and misappropriate the reputation and goodwill of NOC and the Mark.

41. As a result of the foregoing and herein claimed intentional tortuous misuse of the Mark by Defendants, NOC's rights in and to the Mark have been and will continue to be irreparably harmed by Defendants unless Defendants are enjoined.

42. NOC's remedy at law is inadequate to prevent further violation and disparagement of the Mark by Defendants.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER
## SECTION 32(1) OF THE LANHAM ACT

43. NOC hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 42. of this Complaint for Damages.

44. Defendants' unauthorized and infringing use of the Mark, including but not limited to the Mark, infringes upon NOC's exclusive rights in and to its Federally protected Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) in that said conduct is likely to cause confusion and to cause the relevant public to mistakenly believe that there is a connection, association, or affiliation between NOC and the Defendants.

45. Defendants' conduct as challenged herein by NOC is intentional, malicious, and willful.

46. NOC's rights in and to the Mark have been and will continue to be irreparably harmed by Defendants unless Defendants are enjoined from the herein pled knowingly unlawful and infringing activities.

47. NOC's remedy of law is inadequate to prevent further violation of NOC's rights in and to the Mark as perpetrated by Defendants.

## COUNT II
## INDIANA STATE STATUTORY UNFAIR COMPETITION

48. NOC hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 47. of this Complaint for Damages.

49. NOC is an entity possessing / owning intellectual property including but not necessarily limited to Federally protected trademarks, copyrights, trade secrets, and / or patents as defined by I.C. § 32-13-1-6 (hereinafter the "NOC Intellectual Property Rights") because the NOC Intellectual Property has commercial value.

50. NOC has used and authorized the use of the Mark and the NOC Intellectual Property for a commercial purpose, as defined by I.C. § 32-13-1-2.

51. NOC possesses and / or owns the Mark and the NOC Intellectual Property; as such, NOC may duly exercise and enforce these rights pursuant to I.C. § 32-13-1-17.

52. Defendants, by their collective activities described herein, have used the Mark for an illegal and unauthorized commercial purpose without having obtained previous written consent in violation of I.C. § 32-13-1-6.

53. Defendants have engaged in conduct prohibited by I.C. § 32-13-1-9 and the common law of intellectual property rights.

54. NOC's rights in and to the Mark have been and will continue to be irreparably harmed by Defendants unless Defendants are enjoined from the unauthorized, illegal, and infringing activities herein complained of by NOC.

55. NOC's remedy at law is inadequate to prevent further violation by Defendants of NOC's rights in and to the Mark.

## COUNT III
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A)

56. NOC hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 56. of this Complaint for Damages.

57. NOC has adopted and the Defendants are illegally using in International and interstate commerce the Mark in a manner that is likely to and has caused confusion, mistake, and / or deception in the marketplace as to the origin, sponsorship, or approval of the associated goods and / or services by NOC.

58. Defendants' activities constitute use in commerce, International or otherwise, of a term, name, symbol, or device, or a false designation of origin, or a false or misleading description or representation of fact, which is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of the NOC goods and / or services, and as to the origin, sponsorship, endorsement, or approval of Defendants goods and / or services by NOC.

59. Defendants' activities have been willful, deliberate, and intentional, causing a likelihood of confusion, and were done with the intent to trade upon NOC's goodwill and reputation.

60. NOC's business, goodwill, and reputation have been and will continue to be irreparably harmed by Defendants unless Defendants are enjoined from their exploitative and infringing commercial business practices.

61. NOC's remedy of law is inadequate to prevent further violation of its publicity rights.

62. Defendants' unauthorized and illegal activities constitute unfair competition in violation of the Federal Lanham Act, 15 U.S.C. § 1125(A).

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

63. NOC hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 62. of this Complaint for Damages.

64. Defendants have incorporated and used the Mark in violation of the common law of the State of Indiana.

65. Defendants' actions constitute misappropriation of the Mark.

66. Defendants' unauthorized and illegal use of the Mark was done knowingly, willfully, intentionally, and with full knowledge of NOC's ownership of the Mark.

67. NOC's business, goodwill, and reputation have been and will continue to be irreparably harmed by Defendants unless Defendants are enjoined from their exploitative and infringing commercial business practices.

68. NOC's remedy of law is inadequate to prevent further infringement.

69. Defendants' activities constitute unfair competition in violation of the Indiana State common law.

## COUNT V
## UNJUST ENRICHMENT

70. NOC hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 69. of this Complaint for Damages.

71. Defendants have been unjustly enriched through their actions at the expense of and to the loss and detriment of NOC.

## COUNT VI
## TORTIOUS INTERFERENCE OF CONTRACTS

72. NOC hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 71. of this Complaint for Damages.

73. NOC has established and expects to further establish contractual relationships and licenses for the commercial use of the Mark and / or the NOC Intellectual Property; likewise, NOC has derived economic advantages from these contractual relationships and licenses.

74. Defendants are aware of NOC's ongoing and prospective contractual relationships and licenses.

75. Defendants, with knowledge of these ongoing and prospective contractual relationships and licenses, intentionally interfered with these contractual relationships and licenses by incorporating the Mark in the name and / or advertisement of Defendants' goods and / or services by utilizing the Mark directly on or in connection with Defendants goods and / or services as associated with IBS, and by causing or attempting to cause consumers to purchase Defendants goods and / or services in the mistaken belief that Defendants goods and / or services are authorized by or offered in affiliation with NOC.

76. Defendants have harmed NOC by engaging in the tortious interference conduct as described herein above.

## COUNT VII
## CONVERSION

77. REAL hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 76. of this Complaint for Damages.

78. Defendants, by engaging in the conduct described above, have exerted unauthorized control over the property of another in violation of I.C. § 35-43-4-2.

79. Defendants have harmed NOC by engaging in conversion as described herein above.

80. Pursuant to I.C. § 34-24-3-1, NOC is entitled to the following: treble damages, costs of the action, reasonable attorneys' fees, actual travel expenses, reasonable amount for loss of time, actual direct and indirect expenses for loss of time, and all other reasonable costs of collection.

## COUNT VIII
## FALSE ADVERTISING

79. NOC hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 80. of this Complaint.

80. Defendants, by engaging in the conduct described above, have knowingly, willfully, and intentionally engaged in false advertising in violation of Indiana State and Federal Law.

81. Defendants have harmed NOC by engaging in false advertising as described herein above.

82. Pursuant to Indiana State and Federal Law, NOC is entitled to the following: treble damages, costs of the action, reasonable attorneys' fees, actual travel

expenses, reasonable amount for loss of time, actual direct and indirect expenses for loss of time, and all other reasonable costs of collection.

83. NOC's business, goodwill, and reputation have been and will continue to be irreparably harmed by Defendants unless Defendants are enjoined from their willful and knowing false advertisement as herein complained of.

80. NOC's remedy of law where Defendants' knowing and intentional false and misleading advertising is concerned and is inadequate to prevent further and irreparable harm to NOC.

## COUNT IX
## FRAUD

81. NOC hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 80. of this Complaint for Damages.

82. Defendants have knowingly and willfully advised third party potential licensees that Defendants own the rights in and to the Mark.

83. Defendants representations with regard to the ownership of the Mark were false; the Defendants made the said representations knowing the same were false.

84. The third party licensees relied upon the false representations made by Defendants with regard to the ownership of the Mark; said reliance was to the detriment of NOC.

85. The fraud committed by the Defendants with regard to the of the Mark by the Defendants has resulted in significant and irreparable harm to NOC in an amount that is, as yet, immeasurable but which amount continues to accrue.

WHEREFORE, Plaintiff NERDS ON CALL, INC. prays this Court for the following relief as against Defendants, collectively and / or individually (severally):

1. An award of actual damages, including profits, derived from the unauthorized use of NOC's Intellectual Property pursuant to 15 U.S.C. § 1125(a) and the common law;

2. An award of actual damages, including profits, derived from the unauthorized engagement in unfair trade practices pursuant to Federal law and the common law;

3. An award of treble damages for the knowing, willful, or intentional unauthorized use of NOC's Intellectual Property pursuant to 15 U.S.C. § 1125(a) and the common law;

4. An award of reasonable attorneys' fees, costs, and expenses related to this action pursuant to 15 U.S.C. § 1125(a) and the common law;

5. An award of costs of the action, actual travel expenses, reasonable amount for loss of time, actual direct and indirect expenses for loss of time, and all other reasonable costs of collection pursuant to 15 U.S.C. § 1125(a) and the common law;

6. An order preliminarily and permanently enjoining Defendants from the unauthorized use of NOC's Intellectual Property pursuant to 15 U.S.C. § 1125(a) and the common law;

7. An order directing Defendants to destroy and / or surrender to NOC any and all advertising materials and / or products utilizing NOC's Intellectual Property,

including but not necessarily limited to those advertising brochures utilizing the "NERDS ON CALL" Federally protected trademark;

8. An order directing Defendants to destroy and / or delete any and all source codes, electronic data files, and / or printouts from Defendants' Internet pages as located at http://www.callnerds.com/noc_contact.php utilizing the NOC Intellectual Property;

9. An order directing Defendants' retail partners to which any and all of the advertising materials and / or infringing products may have been distributed to either return the same to Defendants for destruction and / or surrender to NOC or to voluntarily destroy and / or surrender the same in their respective possession directly to NOC; and

10. Any and all other just, proper, and equitable relief in the premises.

Respectfully submitted by,

SOVICH MINCH, LLP

Theodore J. Minch (18798-49)
SOVICH MINCH, LLP
Attorneys for Nerds on Call, Inc.
10099 Chesapeake Drive
McCordsville, Indiana 46055
(317) 335-3601 (t)
(317) 335-3602 (f)
tjminch@sovichminch.com (e-mail)