UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NERDS ON CALL, INC.,<br><br>                Plaintiff,<br><br>vs.<br><br>INTERNET BILLING SERVICES, INC., and RYAN ELDRIDGE, Individually,<br><br>                Defendants. | Case No.: 1:07-cv-0535-DFH-TAB |

## **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

The defendants in this case are Nerds on Call, Inc., a California Corporation ("Nerds/California"),[1] and its founder and Vice-President, Ryan Eldridge ("Eldridge"). As explained in more detail below, Nerds/California provides on-site customer service to computer and technology users solely within the State of California. The plaintiff is Nerds on Call, Inc., an Indiana corporation ("Nerds/Indiana"), a company that offers services similar to those of Nerds/California in and around the Indianapolis area. The two companies are completely separate, unrelated entities.

Nerds/Indiana has filed this action in an obvious attempt to thwart Nerds/California's application with the United States Patent and Trademark Office. (Complaint for Damages ("Complaint") ¶¶ 25 & 26.) But it has filed its claim in the wrong state and with the wrong district court. Neither Nerds/California nor Eldridge has ever had any contacts with Indiana and, therefore, courts located in Indiana lack personal jurisdiction over them. Similarly, this district is an improper venue for this action because both reside in California and all the alleged acts and omissions occurred in California. Finally, Nerds/Indiana failed to serve either defendant with the

---

[1] Nerds/California was erroneously sued in this case under the name "Internet Billing Services, Inc." Nerds/California incorporated in California in 2002 under the name "Internet Billing Services, Inc." but changed its name for all purposes to "Nerds on Call, Inc." in 2005. "Internet Billing Services, Inc." is not a recognized entity with the California Secretary of State.

Summons and Complaint. This action must therefore be dismissed as provided by Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(5).

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Pleadings.

Plaintiff filed its Complaint with this court on April 27, 2007. Plaintiff asserted causes of action for trademark infringement under the Lanham Act, unfair competition under state, federal, and common law, unjust enrichment, tortious interference of contracts, conversion, false advertising, and fraud against Defendants.[2] (Complaint ¶¶ 43-85.) Plaintiff asserted that personal jurisdiction over Defendants exists because Defendants' alleged acts "caused tortious injury" in Indiana. (Complaint ¶¶ 2, 3, and 7.) Plaintiff claimed that venue is proper because personal jurisdiction is proper. (Complaint ¶¶ 8 and 9.)

### B. Defendant Nerds/California.

Nerds/California is a California corporation founded in 2002 that provides on-sight customer service to computer and technology users in California. (Declaration of Ryan Eldridge ("Eldridge Decl.") ¶ 2, attached hereto.) Employees of Nerds/California visit customer business locations and homes to physically maintain and repair computer and technology equipment owned by the user. (*Id.* ¶ 3.) The services Nerds/California offers are necessarily limited by geography, normally requiring personnel to travel to and work at the customer location. (*Id.* ¶ 4.) Customers are able to order services by using a toll-free telephone number or by accessing the Internet at www.callnerds.com and entering the customer's order information including the customer's address. (*Id.* ¶ 5.) The website maintained by Nerds/California does not permit users outside California to order services.[3] (*Id.* ¶¶ 6-7.) All of Nerds/California's physical offices are

---

[2] On occasion, the Complaint refers to Defendants as "REAL," which Defendants have assumed for purposes of this motion to be a typographical error.

[3] For instance, the website order form requires the user to select a telephone area code from a list of area codes, all of which are located in California.

located in California and all of its customers are likewise located in California. (*Id.* ¶ 8.) Nerds/California pays taxes in California. (*Id.* ¶ 9.)

Nerds/California has never entered into a contract with an Indiana customer or vendor. (*Id.* ¶ 10.) Nerds/California has never entered into a contract in Indiana. (*Id.* ¶ 11.) Nerds/California has never targeted any advertising to Indiana and, indeed, cannot provide its services in Indiana because it is confined by geographic limitations. (*Id.* ¶ 12.) Nerds/California is not qualified to do business in Indiana and Plaintiff does not allege it has attempted to do business in Indiana. (*Id.* ¶ 13.) Nerds/California has no employees, real property, personal property, bank accounts, or other assets located in Indiana. (*Id.* ¶¶ 8, 14.) No employee, representative, or agent of Nerds/California has traveled to Indiana for the purpose of transacting, soliciting, or otherwise representing Nerds/California. (*Id.* ¶ 15.) Other than this lawsuit, Nerds/California has never appeared in any court in Indiana or otherwise invoked the privileges, protections, and authority of Indiana's government. (*Id.* ¶ 16.) Nerds/California maintains no address or telephone number in Indiana, has paid no taxes in Indiana, and has never applied for nor received any Indiana business licenses. (*Id.* ¶ 17.) Nerds/California has never acted as a surety for any purpose. (*Id.* ¶ 18.)

Nerds/California's business address and address for service of process registered with the California Secretary of State is 1733-B Oregon Street, Redding, California, 96001 ("Oregon Street Location"), which is readily available on the California Secretary of State's website. (*Id.* ¶ 19.) Nerds/California has been located at the Oregon Street Location since 2005. (*Id.* ¶ 20.) Nerds/California has never had a principal place of business located at 215 Lake Boulevard, No. 494, Redding, California, 96003; this address is a private mailbox company. (*Id.* ¶ 21.) On or about August 16, 2007, Plaintiff mailed a copy of the Summons and Complaint to the offices of Bullivant Houser Bailey PC, California corporate counsel for Nerds/California. (Docket, Doc. No. 7.) Bullivant Houser Bailey, PC is not the registered agent of Nerds/California and does not have authority to accept service on behalf of Nerds/California. (Eldridge Decl. ¶ 22.) Nerds/California has never been served with the Summons and Complaint at its principal place

of business, registered with the California Secretary of State, at the Oregon Street Location. (*Id.* ¶ 23.)

**C.      Defendant Ryan Eldridge.**

Defendant Ryan Eldridge is the Vice-President and founder of Nerds/California. (*Id.* ¶ 1.) He resides and works in Redding, California. (*Id.* ¶ 24.) He is a California taxpayer. (*Id.* ¶ 25.) He has never traveled to Indiana. (*Id.* ¶ 26.) He has no friends or relatives located in Indiana, although his father may have been born in Indiana. (*Id.* ¶¶ 26-27.) He has never directed any communication to Indiana, whether by telephone, letter, or other means, except in response to Plaintiff regarding the claims underlying this lawsuit. (*Id.* ¶ 28.) Mr. Eldridge maintains no bank accounts, real property, personal property, or other assets in Indiana. (*Id.* ¶ 29.) He holds no licenses of any type issued by the State of Indiana and has never sought any Indiana licenses. (*Id.* ¶ 30.) He has no telephone numbers or addresses in Indiana and has never paid income taxes in Indiana. (*Id.* ¶ 31.) Other than this lawsuit, Mr. Eldridge has never appeared in any court in Indiana or otherwise invoked the privileges, protections, and authority of Indiana's government. (*Id.* ¶ 32.)

Mr. Eldridge has never been personally served with the Summons and Complaint. (*Id.* ¶ 33.) The proof of service filed by Plaintiff is addressed to Mr. Eldridge's place of business, that is 1733-B Oregon Street, Redding, California 96001, and signed by a recently-hired clerical employee, Erin Carrino, who happened to be sitting closest to the front door when the mail arrived. (*Id.* ¶ 34.) Ms. Carrino does not have authority to act as Mr. Eldridge's agent for any purpose. (*Id.* ¶ 37.)

**D.      Plaintiff's Operations in Indiana.**

Plaintiff Nerds/Indiana has operated for over 10 years providing on-site computer repair and support services in and around Indianapolis. (Complaint ¶ 1.) Plaintiff Nerds/Indiana operates a website at the Internet address www.nerdsoncall.com, which exclusively targets advertising to customers in and around Indianapolis, Indiana.    Plaintiff Nerds/Indiana is not

registered to do business in California and has not alleged it has conducted business in California.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

**A.      Procedural Law and Burden of Proof.**

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a matter where the court lacks personal jurisdiction over the defendant. "Once a defendant moves to dismiss for lack of personal jurisdiction, . . . the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). A district court sitting in diversity must rely on the personal jurisdiction law in the state in which it sits. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). A court may consider affidavits submitted by the parties, but factual disputes must be resolved in favor of the non-moving party, except the court may disregard vague generalizations or conclusory allegations unsupported by facts. *Search Force, Inc. v. Dataforce Intern., Inc.*, 112 F. Supp. 2d 771, 774 (S.D. Ind. 2000).

In order to establish personal jurisdiction over an out-of-state defendant, a plaintiff must satisfy two inquiries: (1) that the state long-arm statute applies, and (2) that the requirements of due process are satisfied. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003). As to the first inquiry, Indiana state and federal courts have determined that Indiana's long-arm statute extends to the bounds of the Federal Due Process Clause. *KnowledgeAZ, Inc. v. Walter Resources, Inc.*, 452 F. Supp. 2d 882, 892-93 (S.D. Ind. 2006); *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006). As such, the two-step inquiry collapses into one: whether the requirements of due process are satisfied.[4]

---

[4] Although the long-arm statute analysis collapses into the Due Process analysis, the Indiana Supreme Court recognized that the long-arm statute's enumerated acts still serve as a "handy checklist" of activities that usually support jurisdiction. *Linkamerica Corp.*, 857 N.E.2d at 967. Of note here, Plaintiff cannot and has not alleged that any of Nerds/California's acts fall within the enumerated acts of Indiana's long-arm statute (*see generally* Eldridge Decl. ¶¶ 2-38), which are:

      (1) doing business in Indiana;
      (2) causing personal injury or property damage by an act or omission done within Indiana;

(continued)

**B. Defendants have no contacts with Indiana and, therefore, this Court lacks general and specific jurisdiction over both defendants.**

Due Process requires that an out-of-state defendant have certain minimum contacts with the forum state such that the maintenance of the lawsuit in that forum does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *LinkAmerica Corp.*, 857 N.E.2d at 967. Minimum contacts must be purposeful and create a "substantial connection" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). That is, it must be the activity of the defendant in the forum state, not that of a plaintiff or a third party, that creates jurisdiction. *Purdue Research Found.*, 338 F.3d at 780. "The crucial inquiry is whether the defendant's contacts with the state are such that he should reasonably anticipate being haled into court there. The defendant must have purposefully availed himself of the privilege of conducting activities in the forum state, invoking the benefits and protections of its laws." *Int'l Med. Group, Inc. v. American Arbitration Association, Inc.*, 312 F.3d 833, 846 (7th Cir. 2002). Under the minimum contacts test, a defendant may be subject to either general or specific jurisdiction. *KnowledgeAZ, Inc.*, 452 F. Supp. 2d at 893.

**1. No general jurisdiction exists due to the lack of contacts in Indiana.**

"An Indiana court has general jurisdiction over a defendant if the defendant's contacts with Indiana are substantial, continuous, extensive, and systematic, which Indiana courts have interpreted to include, among other things, having offices in Indiana, being incorporated in Indiana, and having employees in Indiana." *Id.* (quoting *Anthem Ins. Cos. V. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1235 (Ind. 2000)). In other words, the defendant's contacts with the

---

(3) causing personal injury or property damage in this state by an occurrence outside the state if the party regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in Indiana;
(4) supplying or contracting to supply goods or services to be furnished in Indiana;
(5) possessing real property in Indiana;
(6) acting as a surety for a person, property, or risk located in Indiana;
(7) living in the marital relationship within Indiana; and
(8) abusing, harassing, or disturbing the peace of a person located in Indiana.

Indiana Trial Rule 4.4(A).

forum "must be so extensive as to amount to a constructive presence in the state." *KnowledgeAZ, Inc.*, 452 F. Supp. 2d at 893.

Here, as is amply reflected in the discussion, *supra*, Defendants have no contacts in Indiana whatsoever, let alone the systematic and continuous contacts that would be necessary to establish general jurisdiction. (*See generally*, Eldridge Decl. ¶¶ 2-38.) As such, the court cannot exercise general jurisdiction over Defendants.

        2.        **No specific jurisdiction exists due to lack of any contacts with Indiana.**

Even under the specific jurisdiction analysis, the plaintiff is required to show that defendant has certain minimum contacts with the forum state. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). Moreover, the plaintiff must show that the suit "arises out of" or is "related to" the defendant's minimum contacts with the forum state. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Crucial to the specific jurisdiction analysis, "a plaintiff must show that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, and that the exercise of personal jurisdiction over that defendant would comport with 'traditional notions of fair play and substantial justice.'" *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549 (7th Cir. 2004) (citing *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 108-09 & 113 (1987)).

In this case, as already discussed, Defendants have no contacts with Indiana. (*See generally*, Eldridge Decl. ¶¶ 2-38.) Because the Defendants have no contacts with Indiana, the present suit cannot arise out of or be related to any minimum contacts (which do not exist). Thus, no specific jurisdiction exists over Defendants.

Due to Defendants' complete lack of contacts with Indiana, neither Eldridge nor Nerds/California could reasonably anticipate being haled into court in Indiana. Similarly, due to the lack of contacts, Indiana lacks any interest in adjudicating these claims. Moreover, forcing Defendants to defend this lawsuit in so distant a forum is onerous because the expense and

burden on Defendants to defend this lawsuit in Indiana is substantial. Accordingly, requiring Defendants to defend a lawsuit in Indiana violates notions of fair play and substantial justice.

For the foregoing reasons, this Court cannot exercise jurisdiction, whether general or specific, over Defendants. As such, Defendants request this Court dismiss this matter for lack of personal jurisdiction.

### III. VENUE IS IMPROPER IN INDIANA.

Federal Rule of Civil Procedure 12(b)(3) permits a court to dismiss a matter where venue is improper. Plaintiff has premised subject matter jurisdiction on both diversity of citizenship and federal question. Under both diversity and federal question jurisdiction, venue is proper, where all defendants reside in the same state, in a district where any defendant resides, 28 U.S.C. §§ 1391(a)(1) & 1391(b)(1)), or in a district in which a substantial part of the events or omissions on which the claim is based occurred, 28 U.S.C. §§ 1391(a)(2) & 1391(b)(2). If neither of these two prongs is met, an action may be brought in any district in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(a)(3).

Neither of the two prongs for jurisdiction is met for venue in Indiana. Eldridge and Nerds/California both reside in California. (Eldridge Decl., ¶¶ 8, 19, 24.) All the alleged acts or omissions of Eldridge and Nerds/California necessarily occurred in California, where Nerds/California has solely conducted its business. (*See generally*, *id.* ¶¶ 2-32.) Furthermore, as is discussed *supra*, Defendants are not subject to personal jurisdiction in Indiana. Therefore, venue in Indiana is improper as to both Defendants and Defendants request this matter be dismissed on that basis.

### IV. PLAINTIFF FAILED TO SERVE THE SUMMONS AND COMPLAINT ON DEFENDANTS.

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a lawsuit against a defendant where the defendant has not been properly served with the summons and complaint. Rule 4(e) permits service upon defendants "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e). Under both Indiana and

California law, Plaintiff failed to effect service of process on Eldridge and Nerds/California. As such, its action should be dismissed.

**A.      Service on Eldridge was not effective pursuant to Indiana law.**

Plaintiff's service via certified mail upon Eldridge was ineffective because the individual signing the return receipt—and thus accepting service on behalf of Eldridge—did not have the authority to accept service of process for Eldridge. Indiana Trial Rule 4.1(A)(1) provides that an individual may be served with the summons and complaint by certified mail to the residence, place of business or employment, where the receipt shows that letter was received. Service may still be effective under Rule 4.1(A)(1) even if the individual who signed the return receipt was not the individual to whom the mailing was certified. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 660 (Ind. Ct. App. 2001); *Precision Erecting, Inc. v. Wokurka*, 638 N.E.2d 472, 474 (Ind. Ct. App. 1994). However, in order for service to be effective, the individual signing the receipt of service must be <u>authorized</u> to do so. *Robinson v. Turner*, 886 F. Supp. 1451, 1455-57 (S.D. Ind. 1995). Otherwise, service is not effective.

In *Robinson*, a prison inmate brought an action against prison officials. Plaintiff attempted service by sending a copy of the summons and complaint by certified mail to defendants' place of employment. *Id.* at 1454. Plaintiff received receipts signed by the mail room clerk. *Id.* Consistent with Indiana caselaw, the court initially acknowledged that effective service did not require that the individual signing the receipt actually be the defendant. *Id.* at 1455. Instead, the court underwent a thorough examination into whether the mail room clerk had the ***authority*** to accept registered service of process for defendants. *Id.* at 1455-57 ("Therefore, whether Plaintiff adequately served Defendants depends on whether mail room employees have the authority to accept registered service of process for Defendants."). Ultimately, the court determined that service was effective because the mail room clerks had authority to accept service of process. Important to the current case, however, is the requirement that an individual signing receipt of service must have authority to do so.

Here, as is shown in the proof of service filed with this court, Eldridge was never served with the summons and complaint. (Docket, Doc. No. 8.) Rather, a recently-hired clerical employee, Erin Carrino, at Nerds/California signed for the mail because, by happenstance, she was the closest person to the door at that time. (Eldridge Decl. ¶ 34.) However, Ms. Carrino is not an agent for Mr. Eldridge and has not been authorized by agreement, statute, or law to accept service on his behalf. (*Id.* ¶¶ 34-37.) Thus, under the *Robinson* inquiry, Plaintiff's purported service on Eldridge was inadequate to effectuate service upon Eldridge. Plus, no other attempt at service was made on Mr. Eldridge. (*Id.* ¶ 33.) As such, Plaintiff failed to make effective service upon Eldridge under Indiana law.

**B.    Service on Nerds/California was not effective pursuant to Indiana law.**

Indiana Trial Rule 4.6 provides that service of a summons and complaint must be made upon an executive officer or appointed agent of an organization. Ind. Trial Rule 4.6(A) and (B). If service cannot be made upon an executive officer or agent, service can be made by leaving a copy of the summons and complaint at any office of the organization within Indiana. Ind. Trial Rule 4.6(C).

To the extent that Plaintiff contests that service upon Eldridge constituted service upon Nerds/California, such contestation must fail. As explained above, service upon Eldridge was not effective. Thus, it is insufficient to form the basis for service upon Nerds/California.

In actuality, Plaintiff did not attempt to serve Nerds/California through service upon Eldridge. Instead, in a baffling attempt at service on Nerds/California, Plaintiff served Defendants' California attorneys—Bullivant Houser Bailey—rather than serve the person designated by the California Secretary of State or an executive officer of the corporation at the corporate headquarters. (Docket, Doc. No. 7.) Nonetheless, Bullivant Houser Bailey has never been designated as an agent for service of process for Nerds/California and has never indicated that it could accept service on behalf of either Nerds/California or Eldridge. (Eldridge Decl. ¶ 22.) Furthermore, Bullivant Houser Bailey does not have the authority to accept service on

behalf of either defendant. (*Id.*) Accordingly, mailing a copy of the summons and complaint to Defendants' California attorneys is not proper service under Indiana law.

**C.     Service on Eldridge and Nerds/California was not effective pursuant to California law.**

California requires that a defendant be personally served with the summons and complaint. *See* Cal. Code Civ. Proc. § 415.10 (personal service of the summons and complaint on an individual); Cal. Code Civ. Proc. § 416.10 (service on a corporation through its registered agent for service of process or other designated officer). If a defendant cannot be found and reasonable attempts at service have been made, a party is permitted to employ substituted service on a defendant. Cal. Code Civ. Proc. § 415.20; *see Giannini v. Real*, 711 F. Supp. 992, 998 (C.D. Cal. 1989) (plaintiff must show attempted personal service); *Burchett v. City of Newport Beach*, 33 Cal. App. 4th 1472, 1477 (1995) (personal service must be attempted before a party can use substituted service). Substituted service is effective only by (1) personally delivering a copy of the summons and complaint to the office of the person to be served or the dwelling or regular abode; (2) leaving the copy with a person over age 18 who has been informed of the contents; and (3) subsequently mailing a copy of the documents to the address at which the summons and complaint were personally delivered. Cal. Code Civ. Proc. § 415.20.

Plaintiff failed to personally serve Eldridge or Nerds/California under California law. (Eldridge Decl. ¶¶ 19-23, 33-37.) Furthermore, Plaintiff never mailed a copy of the summons and complaint to either Eldridge or Nerds/California. (*Id.*) Bullivant Houser Bailey is not a registered or authorized agent for Eldridge and Nerds/California and is not empowered to accept service of a summons and complaint on Nerds/California. (*Id.*) Under California law, Plaintiff's purported attempts at service utterly fail.

## V.  CONCLUSION

This court lacks personal jurisdiction over both Defendants as neither Eldridge nor Nerds/California has ever had any contact with Indiana whatsoever. Furthermore, venue is improper in Indiana as all the alleged acts and omissions occurred in California. Finally, under

11

both California and Indiana law, service of process was inadequate as to each of the Defendants, requiring dismissal as to all parties. Defendants request that this Court dismiss this matter in its entirety under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(5).


DATED: October 15, 2007             Respectfully submitted,


                                    /s/ *Jonathan G. Polak*
                                    Jonathan G. Polak, #21954-49
                                    SOMMER BARNARD PC
                                    One Indiana Square, Suite 3500
                                    Indianapolis, IN 46204
                                    Telephone: (317) 713-3599
                                    Facsimile: (317) 713-3699
                                    jpolak@sommerbarnard.com

                                    Counsel for Defendants, Nerds on Call, Inc.,
                                    incorrectly named as a Defendant in this suit as
                                    Internet Billing Services, Inc. and Ryan Eldridge,
                                    Individually


## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically on October 15, 2007. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system.

  Theodore J. Minch
  tjminch@sovichminch.com

                                    /s/ *Jonathan G. Polak*
                                    Jonathan G. Polak

673520_1