UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NERDS ON CALL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:07-cv-0535-DFH-TAB |
| | ) |
| INTERNET BILLING SERVICES, INC., | ) |
| and RYAN ELDRIDGE, Individually, | ) |
| | ) |
| Defendants. | ) |

## CASE MANAGEMENT PLAN

### I. Parties and Representatives

    A.    Plaintiff:    NERDS ON CALL, INC.

          Plaintiff's Counsel:

          Theodore J. Minch # 18798-49
          SOVICH MINCH, LLP
          10099 Chesapeake Drive, Suite 100
          McCordsville, Indiana 46055
          Telephone:  (317) 335-3601
          Facsimile:  (317) 335-3602
          Email:  tjminch@sovichminch.com

          Defendants:  NERDS ON CALL, INC., a California corporation, erroneously sued herein as "Internet Billing Services, Inc." (hereinafter, "Nerds/California") and Ryan Eldridge, Individually.

          Defendants' Counsel:

          Jonathan G. Polak #21954-49
          SOMMER BARNARD PC
          One Indiana Square, Suite 3500
          Indianapolis, Indiana 46204
          Telephone: (317) 713-3500
          Facsimile: (317) 713-3699
          e-mail:  jpolak@sommerbarnard.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Synopsis of Case

### A. Plaintiff's Synopsis of Case:

Since at least as early as 1996, Plaintiff Nerds on Call, Inc. ("NoC") has continuously used and protected from misuse the literal elements of the mark "NERDS ON CALL" (hereinafter the "Mark") in Interstate Commerce on or in connection with the following services: computer installation and repair; installation and repair of business and office machinery and equipment; installation of computer networks; installation of computer systems; installation of telephone lines; installation, maintenance and repair of computer and Internet systems for home and business. In support of its overall business operations, NoC has expended countless resources in advertising and / or protecting the mark since at least as early as its 1996 first use date of the Mark.

Shortly after becoming aware of Defendants' unauthorized use of the Mark, on October 9, 2004 and January 19, 2005, NoC, by counsel, sent a cease and desist and follow-up letter to Defendants advising Defendants of NoC's ownership and prior interstate use of the Mark. Despite this notice, forty-three (43) days after receipt of NoC's initial correspondence, Defendants proceeded in filing a trademark application, application no. 78/521,149, for the Mark in International Class 037 for installation, maintenance and repair of computers for homes and businesses; in the foregoing application, Defendants' claimed a first use date of March, 2003. Defendants' trademark application was published for opposition on November 28, 2006 and NoC filed its Notice of Opposition to Defendants' application on March 28, 2007. Throughout the pendency of the opposition proceedings, NoC and Defendants attempted to resolve the case without resorting to further, more formal, protracted proceedings; no resolution could be reached between the Parties and this present action was therefore instituted. Nevertheless, judgment on the Notice of Opposition was granted in favor of NoC on June 5, 2007 and Defendants' application was summarily abandoned on the basis thereof on July 30, 2007.

On July 17, 2007, Defendants filed a new, concurrent use (restricting applicability of the application to the entire United States except for a fifty (50) mile radius around Indianapolis, Indiana, the entire state of Maryland, and the entire District of Columbia trademark application for the Mark), application no. 77/231,974. This application remains currently pending in the United States Patent and Trademark Office.

By virtue of Defendants' continue use of the Mark without prior authorization of NoC, Defendants are seeking to trade off the goodwill in and to the Mark as created by NoC by obtaining, under the provisions of the Trademark Act of 1946, as amended, registration upon the Principal Register of the Mark. Furthermore, as a direct and proximate result of NoC's efforts with regard to the

Mark, the Mark has become synonymous with NoC's various business endeavors, some of which include but are not necessarily limited to the installation, maintenance, and repair of computers for homes and businesses, the very services sought to be Federally protected by Defendants in their new trademark application and via their continued unauthorized use of the Mark. Based upon NoC's continuous interstate use and / or protection of the Mark, the Mark, as owned by NoC, may be protected from such unauthorized, illegal, and infringing uses of the Mark as made by third parties such as Defendants without approval from NoC.

Defendants' unauthorized and infringing use of the Mark is actionable and constitutes Trademark Infringement under Section 32(1) of the Lanham Act, unfair competition under the common law, 15 U.S.C. § 1125 (a), and Indiana State law Ind. Code § 32-13-1-6, unjust enrichment, tortuous interference of contract, conversion, and false advertising.

NoC maintains personal jurisdiction over Defendants herein because Defendants have engaged in conduct prohibited under Ind. Code §32-36-1-8 in Indiana, Defendants have caused to be transported into Indiana goods or other materials created or used in violation of I.C. §32-36-1-8, and Defendants have knowingly caused advertising or promotional material created or used in violation of I.C. §32-36-1-8 to be published, distributed, exhibited, or disseminated within Indiana.

B.  **Defendants' Synopsis of Case:**

Defendants make this statement without waiving any defenses or denials to the Complaint and without waiving any arguments asserted in Defendants' Motion to Dismiss.

Defendant Nerds/California is a California corporation that provides onsite customer service to computer and technology users within the state of California. Defendant Ryan Eldridge is the founder and Vice President of Nerds/California. Plaintiff NoC is an Indiana corporation that offers services similar to those of Nerds/California solely in and around the Indianapolis area. NoC filed this action in an obvious attempt to thwart Nerds/California's application with the United States Patent and Trademark Office for concurrent use of the mark Nerds on Call. Nerds/California and Defendant Eldridge have no contacts with Indiana whatsoever; therefore, Indiana courts lack jurisdiction over Defendants. Venue is improper in the Southern District of Indiana because all Defendants reside in California and all the alleged acts and omissions occurred in California. Finally, Plaintiff failed to serve both Defendant with the Summons and Complaint.

Substantively, Nerds/California denies any unauthorized or infringing use of the Mark. As such, Plaintiff's Complaint fails to state a claim that is cognizable under the Lanham Act or any other state of federal law.

**III. Pretrial Pleadings and Disclosures**

A. The Parties do not agree to waive the initial disclosures. The Parties shall therefore serve their initial disclosures under Fed. R. Civ. P. 26 **no later than thirty (30) days following date of Court's Entry of Ruling on Defendants' Motion to Dismiss**.

B. Plaintiff shall file preliminary witness and exhibit lists **no later than two (2) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**.

C. Defendants shall file preliminary witness and exhibit lists **no later than three (3) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**.

D. All motions for leave to amend the pleadings and / or to join additional parties shall be filed on or before **no later than two (2) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**.

E. Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand **no later than three (3) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss for Lack**. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F. Plaintiff shall disclose the name, address and *vita* of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) **no later than nine (9) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**. However, if Plaintiff uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

G. Defendants shall disclose the name, address and *vita* of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days after Plaintiff serves its expert witness disclosure; or if none, Defendants shall make its expert disclosure **no later than eleven (11) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**. However, if expert witness testimony at the summary judgment stage, such disclosures must be made no later than 30 days prior to the summary judgment deadline. Any party responding to a motion for summary must disclose any responsive experts on the date summary judgment motions are due.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections **no later than sixty (60) days before trial**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

I. The Parties shall file and serve their final witness and exhibit lists **no later than fourteen (14) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**.

J. Any party who believes that bifurcation of discovery and / or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

**I.** **Discovery and Dispositive Motions**

A. Summary judgment in favor of NoC, Inc. is proper in this case because there is no genuine issue as to law or fact regarding Defendants' unauthorized and infringing use of the mark NERDS ON CALL.

B. Defendants have moved this Court to dismiss this action on the basis that this Court lacks personal jurisdiction over all Defendants, venue is improper in this district, and Defendants were not lawfully served. Defendants will move to dismiss and/or for summary judgment on the grounds that Plaintiff has failed to state a legally cognizable claim for trademark infringement.

C. Select the track that best suits this case:

__X__ Track 2: Dispositive motions are expected and shall be filed **no later than nine (9) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**; non-expert witness discovery and discovery relating to liability issues shall be completed **no later than seven (7) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**; expert witness discovery and discovery relating to damages shall be completed **no later than twelve (12) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**.

**V.** **Pre-Trial/Settlement Conferences**

Plaintiff believes a settlement conference near the end of the liability discovery deadline, but prior to the dispositive motion deadline, may be productive.

## VI. Trial Date

The presumptive trial date is **no later than eighteen (18) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**. The trial is to be by jury and is anticipated to take approximately 2-3 days.

## VII. Referral to Magistrate Judge

At this time, all Parties do not consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. §636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE,** the Parties shall:

1. File a list of witnesses that the Parties expect to testify at trial.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a) brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b) if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE,** the Parties shall:

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to videotaped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.	Other Matters**

None at this time.

                    s/*Theodore J . Minch*
                    Theodore J. Minch
                    **SOVICH MINCH, LLP**
                    Attorneys for Nerds On Call, Inc.
                    10099 Chesapeake Drive, Suite 100
                    McCordsville, Indiana  46055
                    Telephone:	(317) 335-3601
                    Facsimile:	(317) 335-3602
                    Email:	tjminch@sovichmnch.com


                    s/*Jonathan G. Polak*
                    Jonathan G. Polak #21954-49
                    **SOMMER BARNARD PC**
                    Attorneys for Nerds On Call, Inc., a California Corporation, erroneously sued herein as "Internet Billing Services, Inc." and Ryan Eldridge, an individual
                    One Indiana Square, Suite 3500
                    Indianapolis, Indiana 46204
                    Telephone: (317) 713-3500
                    Facsimile: (317) 713-3699
                    e-mail:  jpolak@sommerbarnard.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____  PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE.

_____  APPROVED AS SUBMITTED.

_____  APPROVED AS AMENDED.

_____  APPROVED AS AMENDED PER SEPARATE ORDER.

_____  APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____  APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____  THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____.

_____  A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM _____; OR

_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____.

_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_\_) _____.

_____  DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____.

_____

_____

_____

_____

_____

_____

_____

_____

| _____ | _____ |
|---|---|
| Date | U. S. District Court |
| | Southern District of Indiana |

Form Approved
December 2004

# MAGISTRATE JUDGE'S SUMMARY OF CASE MANAGEMENT PLAN

**Date Approved:** _____ **Civil Action No.:** 1:07-cv-0535-DFH-TAB

**Caption:** Nerds on Call, Inc. vs. Internet Billing Services, Inc. and Ryan Eldridge, Individually.

**Pltf's Counsel:** Theodore J. Minch  (317) 335-3601

**Defts' Counsel:** Jonathan Polak (317) 713-3500

**Nature of Case:** Trademark infringement.

**Defenses:** No personal jurisdiction over defendants, improper venue, lack of service, no protectable interest in the alleged marks, and plaintiff seeks damages that are not recoverable.

**Discovery:** Liability discovery completed **no later than seven (7) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**; damages discovery completed **no later than twelve (12) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**.

**Readiness:** **Trial no later than eighteen (18) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**.

**Trial Time:** Jury trial anticipated taking 2-3 days.

**Motions Pending:** Defendants' Motion to Dismiss and Brief in support of Defendants' Motion to Dismiss.

**Motions Future:** Amend pleadings / add parties **no later than five (2) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss**; Rule 12(b) motions and summary judgment motions by **no later than eleven (9) months following the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction**.

**Pltf's Demand:** **Due:** Three (3) months after the Court's Entry of Ruling on Defendants' Motion to Dismiss.
**Defense Offer:** Due 30 days after receipt of demand

**Settlement:** Court settlement conference to be scheduled by the Court for a date near the end of the liability discovery deadline but before the dispositive motion deadline.

**Remarks**:

8271651