UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NERDS ON CALL, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>INTERNET BILLING SERVICES, INC., and RYAN ELDRIDGE, Individually,<br><br>        Defendants. | Case No.: 1:07-cv-0535-DFH-TAB<br><br>**ANSWER AND COUNTERCLAIMS**<br>(Subject to and without waiver of pending Rule 12 Motion on Personal Jurisdiction) |

      Defendants Nerds on Call, Inc., a California corporation[1] and Ryan Eldridge (collectively "Nerds/California") answer the complaint filed by Plaintiff Nerds on Call, Inc., an Indiana corporation ("Nerds/Indiana") as follows and subject to and without waiver of their pending Rule 12 motion on personal jurisdiction:

### PARTIES, JURISDICTION, AND VENUE

      1.     Nerds/California lacks sufficient information to form a belief as to the validity of the allegations in paragraph 1 of the complaint and, on that basis, denies those allegations.

      2.     Nerds/California admits it is a corporation incorporated under the laws of the State of California but denies that its principal place of business is at the address listed in paragraph 2 of the complaint.

      3.     Nerds/California admits that Ryan Eldridge is an individual and an owner of Nerds/California but denies he is "doing business" at the address listed in paragraph 2 of the complaint.

      4.     Nerds/California lacks sufficient information to form a belief as to the validity of the allegations in paragraph 4 of the complaint and, on that basis, denies those allegations.

---

[1]     "Internet Billing Services, Inc.," is the named corporate defendant in this action but, under that name, no such corporation now exists. Nerds/California admits it previously did business under that corporate name but has formally changed that name to Nerds On Call, Inc. Because Nerds/California readily knows that it is the party intended to be sued, it responds to the complaint as if it was properly sued under its current corporate name.

Nerds/California further responds that the phrase "and the venue of the Southern District of Indiana, Indianapolis Division;" is vague, ambiguous, and does not make sense as used. Nerds/California, therefore, cannot respond to that portion of paragraph 4 of the complaint.

5. Nerds/California admits that Defendants Nerds on Call, Inc. and Ryan Eldridge are citizens of states other than Indiana. Nerds/California further responds that the phrase "and the venue of the Southern District of Indiana, Indianapolis Division" is vague, ambiguous, and does not make sense as used. Nerds/California, therefore, cannot respond to that portion of paragraph 4 of the complaint.

6. Nerds/California admits that this Court has subject matter jurisdiction over the parties' dispute under the statutes identified in paragraph 6 of the complaint.

7. Nerds/California denies that this Court has personal jurisdiction over Defendants Nerds on Call, Inc. or Ryan Eldridge as alleged in paragraph 7 of the complaint. Nerds/California filed a motion to dismiss this action based on, among other defenses, lack of jurisdiction over Defendants Nerds on Call, Inc. and Ryan Eldridge. Nerds/California incorporates that motion into this response as if fully set forth herein.

8. Nerds/California denies that this Court is the proper venue for this dispute as alleged in paragraph 8 of the complaint. Nerds/California filed a motion to dismiss this action based on, among other defenses, the defense that this Court is not the proper venue for this dispute. Nerds/California incorporates that motion into this response as if fully set forth herein.

9. Nerds/California denies the allegations in paragraph 9 of the complaint.

## **FACTUAL ALLEGATIONS**

10. Nerds/California lacks sufficient information to form a belief as to the validity of the allegations in paragraph 10 of the complaint and, on that basis, denies those allegations.

11. [There is no paragraph 11 of the complaint]

12. Nerds/California lacks sufficient information to form a belief as to the validity of the allegations in paragraph 12 of the complaint and, on that basis, denies those allegations.

13. Nerds/California lacks sufficient information to form a belief as to the validity of the allegations in paragraph 13 of the complaint and, on that basis, denies those allegations.

14. Nerds/California admits that Nerds/Indiana has filed two applications to federally register NERDS ON CALL as a trademark and that these applications have been given Serial Nos. 77241528 and 77241523. The contents of those applications speak for themselves and the examination of both have been suspended pending the examination of Nerds/California's senior application to federally register NERDS ON CALL as a trademark.

## OWNERSHIP BY NERDS ON CALL, INC. OF THE MARK "NERDS ON CALL"

15. Nerds/California admits that Nerds/Indiana owns trademark rights in the phrase NERDS ON CALL in Indianapolis, Indiana and in an area extending 50 miles beyond the boundaries of Indianapolis, Indiana.

16. Nerds/California admits that, as between the parties, Nerds/Indiana was the first to use NERDS ON CALL as a trademark and further responds that all such use was, and is, limited to Indianapolis, Indiana and an area extending 50 miles beyond the boundaries of Indianapolis, Indiana. Nerds/California lacks sufficient information to form a belief as to the validity of the remaining allegations in paragraph 16 of the complaint and, on that basis, denies those allegations.

17. Nerds/California admits that, as between the parties, Nerds/Indiana was the first to use NERDS ON CALL as a trademark and further responds that all such use was, and is, limited to Indianapolis, Indiana and an area extending 50 miles beyond the boundaries of Indianapolis, Indiana. Nerds/California lacks sufficient information to form a belief as to the validity of the remaining allegations in paragraph 17 of the complaint and, on that basis, denies those allegations.

18. Nerds/California admits that Nerds/Indiana has the exclusive right to use NERDS ON CALL to brand computer maintenance and repair services in Indianapolis, Indiana and an

area extending 50 miles beyond the boundaries of Indianapolis, Indiana and that it may enforce its right if that right is infringed. Nerds/California denies the remaining allegations in paragraph 18 of the complaint.

19. Nerds/California admits that Nerds/Indiana has standing before the Trademark and Appeal Board to oppose all other persons' attempts to federally register NERDS ON CALL as a trademark to brand computer maintenance and repair services.

20. Nerds/California lacks sufficient information to form a belief as to the validity of the allegations in paragraph 20 of the complaint and, on that basis, denies those allegations.

21. Nerds/California lacks sufficient information to form a belief as to the validity of the allegations in paragraph 21 of the complaint and, on that basis, denies those allegations.

### THE ACTIVITIES OF INTERNET BILLING SERVICES, INC. AND RYAN ELDRIDGE, INDIVIDUALLY

22. Nerds/California admits it was founded in 2002 under the direction and management of, among others, Ryan Eldridge, that the principal place of business for Defendant Nerds on Call, Inc. is Redding, California, and that the company provides, among other services, the repair of computers in its customers' homes and offices.

23. Nerds/California admits that it did not seek or obtain the "approval of or authorization" of Nerds/Indiana before Nerds/California began its use of NERDS ON CALL to brand its computer maintenance and repair services.

24. Nerds/California admits that the computer maintenance and repair services that it provides are limited to customers residing in Northern California. The allegation in paragraph 24 of the complaint that Nerds/California's "use of the Mark is not Interstate commerce" is a legal conclusion for which no response is required.

25. Nerds/California admits that under its former corporate name of Internet Billing Services, Inc., Defendant Nerds on Call, Inc. filed an application to federally register NERDS ON CALL as a trademark as described in paragraph 25 of the complaint.

26.     Nerds/California admits it received two letters from counsel for Nerds/Indiana relating to Nerds/Indiana's allegedly exclusive right to use NERDS ON CALL throughout the entire United States before Nerds/California filed its application to federally register NERDS ON CALL as a trademark for computer maintenance and repair services. Nerds/California denies that it did not respond to those two letters and asserts that counsel for Nerds/California responded by letter to counsel for Nerds/Indiana on January 31, 2005.

27.     Nerds/California admits that it continued to use NERDS ON CALL as a trademark in Northern California to brand its computer maintenance and repair services after receiving the two letters from counsel for Nerds/Indiana relating to Nerds/Indiana's allegedly exclusive right to use NERDS ON CALL throughout the entire United States. Nerds/California denies that its use of NERDS ON CALL is in any way "bad faith" or violative of the declaration signed on behalf of Nerds/California as part of its application to federally register that mark as its trademark. Nerds/California further responds that the allegation in paragraph 27 of the complaint that Nerds/California's "use of the Mark is not Interstate commerce" is a legal conclusion for which no response is required.

28.     Nerds/California admits that Nerds/Indiana initiated an opposition proceeding to challenge Nerds/California's application to federally register NERDS ON CALL as a trademark. Nerds/California denies that this opposition proceeding is currently pending before the Trademark Trial and Appeal Board.

29.     Nerds/California denies the allegations in paragraph 29 of the complaint.

30.     Nerds/California admits it owns and maintains a website located at callnerds.com. Nerds/California denies the remaining allegations in paragraph 30 of the complaint.

31.     Nerds/California admits it uses NERDS ON CALL as a trademark to advertise, among other services, its computer repair services.

32.     Nerds/California admits it owns and maintains a website located at callnerds.com. Nerds/California denies the remaining allegations in paragraph 32 of the complaint.

33.     Nerds/California denies the allegations in paragraph 33 of the complaint.

34. Nerds/California denies the allegations in paragraph 34 of the complaint.

35. Nerds/California lacks sufficient information to form a belief as to the validity of the allegations in paragraph 35 of the complaint and, on that basis, denies those allegations.

36. Nerds/California admits it uses NERDS ON CALL as a trademark to advertise its computer maintenance and repair services, including on its callnerds.com website and other "marketing and advertising materials." Nerds/California denies the remaining allegations in paragraph 36 of the complaint.

37. Nerds/California admits that counsel for the parties have not been able to come to an agreement as to whether Nerds/Indiana has any trademark rights in Northern California to enforce against Nerds/California or whether Nerds/Indiana has the right to preclude Nerds/California from receiving a concurrent use registration to use NERDS ON CALL throughout the entire United States except for Indianapolis, Indiana and an area extending 50 miles beyond the boundaries of Indianapolis, Indiana.

## IRREPARABLE HARM

38. Nerds/California restates, realleges, and reiterates its responses in all of the preceding paragraphs as if fully set forth herein.

39. Nerds/California denies the allegations in paragraph 39 of the complaint.

40. Nerds/California denies the allegations in paragraph 40 of the complaint.

41. Nerds/California denies the allegations in paragraph 41 of the complaint.

42. Nerds/California denies the allegations in paragraph 42 of the complaint.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER
## SECTION 32(1) OF THE LANHAM ACT

43. Nerds/California restates, realleges, and reiterates its responses in all of the preceding paragraphs as if fully set forth herein.

44. Nerds/California denies the allegations in paragraph 44 of the complaint. Nerds/California further responds that because Nerds/Indiana does not own a federal registration

for the mark it is suing upon, Section 32 of the Lanham Act is wholly inapplicable and does not provide Nerds/Indiana with the statutory basis to assert this trademark infringement claim.

45. Nerds/California denies the allegations in paragraph 45 of the complaint.

46. Nerds/California denies the allegations in paragraph 46 of the complaint.

47. Nerds/California denies the allegations in paragraph 47 of the complaint.

## COUNT II
## INDIANA STATE STATUTORY UNFAIR COMPETITION

48. Nerds/California restates, realleges, and reiterates its responses in all of the preceding paragraphs as if fully set forth herein.

49. Nerds/California admits that Nerds/Indiana owns trademark rights in the phrase NERDS ON CALL in Indianapolis, Indiana and in an area extending 50 miles beyond the boundaries of Indianapolis, Indiana. With that exception, Nerds/California lacks sufficient information to form a belief as to the validity of the allegations in paragraph 49 of the complaint and, on that basis, denies those allegations.

50. Nerds/California lacks sufficient information to form a belief as to the validity of the allegations in paragraph 50 of the complaint and, on that basis, denies those allegations.

51. Nerds/California admits that Nerds/Indiana owns trademark rights in the phrase NERDS ON CALL in Indianapolis, Indiana and in an area extending 50 miles beyond the boundaries of Indianapolis, Indiana. With that exception, Nerds/California lacks sufficient information to form a belief as to the validity of the allegations in paragraph 51 of the complaint and, on that basis, denies those allegations.

52. Nerds/California admits that it did not seek or obtain "previous written consent" of Nerds/Indiana before Nerds/California began its use of NERDS ON CALL to brand its computer maintenance and repair services. Nerds/California denies the remaining allegations in paragraph 52 of the complaint.

53. Nerds/California denies the allegations in paragraph 53 of the complaint.

54. Nerds/California denies the allegations in paragraph 54 of the complaint.

55. Nerds/California denies the allegations in paragraph 55 of the complaint.

**COUNT III**
**UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)**

56. Nerds/California restates, realleges, and reiterates its responses in all of the preceding paragraphs as if fully set forth herein.

57. Nerds/California denies the allegations in paragraph 57 of the complaint.

58. Nerds/California denies the allegations in paragraph 58 of the complaint.

59. Nerds/California denies the allegations in paragraph 59 of the complaint.

60. Nerds/California denies the allegations in paragraph 60 of the complaint.

61. Nerds/California denies the allegations in paragraph 61 of the complaint.

62. Nerds/California denies the allegations in paragraph 62 of the complaint.

**COUNT IV**
**UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)**

63. Nerds/California restates, realleges, and reiterates its responses in all of the preceding paragraphs as if fully set forth herein.

64. Nerds/California denies the allegations in paragraph 64 of the complaint.

65. Nerds/California denies the allegations in paragraph 65 of the complaint.

66. Nerds/California denies the allegations in paragraph 66 of the complaint.

67. Nerds/California denies the allegations in paragraph 67 of the complaint.

68. Nerds/California denies the allegations in paragraph 68 of the complaint.

69. Nerds/California denies the allegations in paragraph 69 of the complaint.

**COUNT V**
**UNJUST ENRICHMENT**

70. Nerds/California restates, realleges, and reiterates its responses in all of the preceding paragraphs as if fully set forth herein.

71.     Nerds/California denies the allegations in paragraph 71 of the complaint.

## COUNT VI
## TORTIOUS INTERFERENCE WITH CONTRACTS

72.     Nerds/California restates, realleges, and reiterates its responses in all of the preceding paragraphs as if fully set forth herein.

73.     Nerds/California lacks sufficient information to form a belief as to the validity of the allegations in paragraph 73 of the complaint and, on that basis, denies those allegations.

74.     Nerds/California denies the allegations in paragraph 74 of the complaint.

75.     Nerds/California denies the allegations in paragraph 75 of the complaint.

76.     Nerds/California denies the allegations in paragraph 76 of the complaint.

## COUNT VII
## CONVERSION

77.     Nerds/California restates, realleges, and reiterates its responses in all of the preceding paragraphs as if fully set forth herein.

78.     Nerds/California denies the allegations in paragraph 78 of the complaint.

79.     Nerds/California denies the allegations in paragraph 79 of the complaint.

80.     Nerds/California denies the allegations in paragraph 80 of the complaint.

## COUNT VIII
## FALSE ADVERTISING

81.     (Misnumbered as paragraph 79).  Nerds/California restates, realleges, and reiterates its responses in all of the preceding paragraphs as if fully set forth herein.

82.     (Misnumbered as paragraph 80).  Nerds/California denies the allegations in paragraph 82 of the complaint.

83.     (Misnumbered as paragraph 81).  Nerds/California denies the allegations in paragraph 83 of the complaint.

84. (Misnumbered as paragraph 82). Nerds/California denies the allegations in paragraph 84 of the complaint.

85. (Misnumbered as paragraph 83). Nerds/California denies the allegations in paragraph 85 of the complaint.

86. (Misnumbered as paragraph 80). Nerds/California denies the allegations in paragraph 86 of the complaint.

## COUNT IX
## FRAUD

87. (Misnumbered as paragraph 81). Nerds/California restates, realleges, and reiterates its responses in all of the preceding paragraphs as if fully set forth herein.

88. (Misnumbered as paragraph 82). Nerds/California denies the allegations in paragraph 88 of the complaint.

89. (Misnumbered as paragraph 83). Nerds/California denies the allegations in paragraph 89 of the complaint.

90. (Misnumbered as paragraph 84). Nerds/California denies the allegations in paragraph 90 of the complaint.

91. (Misnumbered as paragraph 85). Nerds/California denies the allegations in paragraph 91 of the complaint.

92. Nerds/California restates, realleges, and reiterates its responses in all of the preceding paragraphs as if fully set forth below in each of the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

Each and every claim alleged by Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
**(Lack of Standing)**

Plaintiff lacks standing to bring each and every claim alleged by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

Each and every claim alleged by Plaintiff is barred because this court lacks personal jurisdiction over each Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Venue)

Each and every claim alleged by Plaintiff is barred because this Court is an improper venue for adjudication of these claims.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Effectuate Service)

Each and every claim alleged by Plaintiff is barred for failure of Plaintiff to effect service of the summons and complaint on any of the Defendants.

### SIXTH AFFIRMATIVE DEFENSE
### (Forum Non Conveniens)

Each and every claim alleged by Plaintiff is barred in this court under the doctrine of forum non conveniens.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Each and every claim alleged by Plaintiff is barred for being filed beyond the applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE
### (Laches, Waiver, Estoppel)

Each and every claim alleged by Plaintiff is barred by the doctrines of waiver, laches, and/or estoppel.

### NINTH AFFIRMATIVE DEFENSE
### (Innocent Infringer)

If Defendants have infringed upon any trademark right, Defendants' conduct is protected as innocent infringers by the doctrine of innocent infringement.

## TENTH AFFIRMATIVE DEFENSE
### (Tea Rose-Rectanus Doctrine)

Each and every claim alleged by Plaintiff is barred by the Tea Rose-Rectanus doctrine established under *Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403 91916) and *United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90 91918).

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Each and every claim alleged by Plaintiff is barred by the doctrine of unclean hands.

///
///
///
///
///
///

## COUNTERCLAIMS

Defendants Nerds/California and Ryan Eldridge counterclaim against Nerds/Indiana as follows:

### Parties

93. Defendant and Counterclaimant Nerds on Call, Inc., is a duly formed California corporation having its principal place of business in Redding, California.

94. Defendant and Counterclaimant Ryan Eldridge is an individual who resides in Redding, California. Ryan Eldridge is a founder, part owner, and one of the principal managers of Defendant and Counterclaimant Nerds on Call, Inc.

95. Nerds/Indiana is, on information and belief, an Indiana corporation with its principal place of business in Fishers, Indiana.

## Jurisdiction and Venue

96. Counterclaimants assert their counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure and under the Declaratory Judgment Act at 28 U.S.C. §§2201 and 2202. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1332(a), 1338(a).

97. Counterclaimants are not properly before this Court as this Court does not have personal jurisdiction over either of them nor is venue proper for Nerds/Indiana's underlying action. Counterclaimants reassert each of these defenses to the underlying action. This Court has personal jurisdiction over Nerds/Indiana, and venue is proper under 28 U.S.C. §§1391(b) and 1391(c) in that Nerds/Indiana, on information and belief, resides in this district and has subjected itself to the personal jurisdiction of this Court by filing its Complaint in this district.

## FACTS

98. Counterclaimants restate, reallege, and reiterate their allegations in paragraphs 1 through 97 as if fully set forth herein.

99. Counterclaimants offer and provide computer installation, maintenance, and repair services and market those services, among other places, at callnerds.com, a website owned and operated by Nerds/California.

100. Nerds/Indiana asserts that it offers and provides computer-related services and markets those services, among other places, at nerdsoncall.com, a website owned and operated by Nerds/Indiana.

101. Nerds/Indiana further asserts that under the common law and 15 U.S.C. section 1114 it owns the exclusive right throughout the United States to use the phrase NERDS ON CALL, and all other confusingly similar phrases, to market, offer, and provide computer-related services.

102. Nerds/Indiana further asserts that Counterclaimants' use of NERDS ON CALL mark to market, offer, and provide Nerds/California's services and its use of callnerds.com as the domain name for its website are likely to cause confusion, mistake, and deception of the public in light of Nerds/Indiana's use of the phrase NERDS ON CALL to provide its services.

13

103. Nerds/Indiana has brought suit against Counterclaimants alleging, among other wrongs, trademark infringement of the phrase NERDS ON CALL and previously initiated an Opposition proceeding in the United States Patent and Trademark Office to prevent Nerds/California from registering its NERDS ON CALL trademark.

## FIRST COUNTERCLAIM
(Declaration of No Trademark Infringement)

104. Counterclaimants have not infringed, are not infringing, and in no way are liable under the common law or 15 U.S.C. section 1114 for infringement of whatever rights, if any, Nerds/Indiana owns in the phrase NERDS ON CALL. Counterclaimants' motion to dismiss and its denials and affirmative defenses in response to Nerds/Indiana's claims are all incorporated herein by reference.

105. There is an actual and justiciable controversy between the parties regarding whether Counterclaimants infringe or otherwise violate the rights Nerds/Indiana purports to own in the phrase NERDS ON CALL.

106. Absent a declaration of non-infringement by Counterclaimants of Nerds/Indiana's alleged rights in NERDS ON CALL, Nerds/Indiana will continue to assert that Counterclaimants have infringed and are infringing, or are otherwise violating, those rights and in this way will cause Counterclaimants' harm and damage.

107. Counterclaimants seek a declaration that they have not infringed, are not infringing, and are not otherwise liable for any violation of any of Nerds/Indiana's alleged rights in NERDS ON CALL.

## SECOND COUNTERCLAIM
(Declaration of No Unfair Competition)

108. Counterclaimants restate, reallege, and reiterate their allegations in paragraphs 1 through 107 as if fully set forth herein.

109. Nerds/Indiana claims that NERDS ON CALL is a federally protected trademark, copyright, trade secret, and/or patent that it owns and/or possesses.

110. Though Nerds/Indiana possesses the exclusive common law right to use NERDS ON CALL within a 50 mile radius around Indianapolis, Indiana, it does not own a federally protected trademark, copyright, trade secret, and/or patent for NERDS ON CALL.

111. Counterclaimants do not use NERDS ON CALL in commerce in or 50 miles around Indianapolis, Indiana or cause its NERDS ON CALL mark to be used in commerce in that geographic area.

112. Nonetheless, Nerds/Indiana asserts that Counterclaimants have engaged in unfair competition under various Indiana statutes, the common law, and 15 U.S.C. section 1125(A) by, among other acts, failing to obtain Nerds/Indiana's written consent before using NERDS ON CALL in commerce.

113. Counterclaimants have not engaged, and are not engaging, in unfair competition under the laws of Indiana, the United States, or the common law and are no way liable for unfair competition under those laws for their use of NERDS ON CALL.

114. There is an actual and justiciable controversy between the Parties regarding whether Counterclaimants have engaged in unfair competition with regard to their use of NERDS ON CALL.

115. Absent a declaration that Counterclaimants' conduct does not violate unfair competition law, Nerds/Indiana will continue to assert that Counterclaimants have and are violating those laws and in this way will cause Counterclaimants harm and damage.

116. Counterclaimants seeks a declaration that they are not engaging in unfair competition by their use of NERDS ON CALL and are not otherwise liable to Nerds/Indiana for unfair competition.

### THIRD COUNTERCLAIM
(Declaration Regarding Concurrent Use Trademark Registration)

117. Counterclaimants restate, reallege, and reiterate their allegations in paragraphs 1 through 116 as if fully set forth herein.

118. Nerds/California has filed with the United States Patent and Trademark Office a concurrent use registration application (having Serial No. 77231974) seeking to register NERDS ON CALL for computer installation, maintenance, and repair services, the scope of which would extend throughout the United States, except for (1) a 50 mile radius around Indianapolis, Indiana (2) the entire state of Maryland and the District of Columbia. That application is currently pending.

119. Nerds/Indiana asserts that Nerds/California is not entitled to federally register NERDS ON CALL by way of either a unrestricted registration or a concurrent use registration. Nerds/Indiana has filed with the United States Patent and Trademark Office two applications to federally register NERDS ON CALL (having Serial Nos. 77241528 and 77241523), the scope of which would extend throughout the United States. Those applications are currently pending but all examination has been suspended pending a resolution of Nerds/California's concurrent use application for NERDS ON CALL (having Serial No. 77231974).

120. There is an actual and justiciable controversy between the parties regarding their respective rights to federally register NERDS ON CALL as a trademark.

121. This Court may, under 15 U.S.C. section 1119, determine the right of the parties to federally register NERDS ON CALL.

122. Absent a declaration that Nerds/California is entitled to the federal trademark registration that it has applied for, Nerds/Indiana will continue to assert that it owns the right to use and to federally register NERDS ON CALL as a trademark throughout the United States.

123. Counterclaimants seek a declaration that Nerds/California is entitled to a concurrent use registration for NERDS ON CALL for computer installation, maintenance, and repair services, the scope of which extend throughout the United States, except for (1) a 50 mile radius around Indianapolis, Indiana (2) the entire state of Maryland and the District of Columbia.

**PRAYER FOR RELIEF**

WHEREFORE, subject to and without waiving all defenses as to personal jurisdiction and venue raised previously in this proceeding by Counterclaimants, Counterclaimants pray for judgment against Nerds/Indiana and requests that the Court:

1. Dismiss Nerds/Indiana's complaint in its entirety and enter judgment in favor of Defendant;

2. Declare that Counterclaimants have not infringed, are not infringing, and are not otherwise liable for any violation of Nerds/Indiana's alleged rights in NERDS ON CALL;

3. Declare that Counterclaimants have not used, and are not using, NERDS ON CALL in violation of unfair competition law;

4. Declare that Nerds/California is entitled to a concurrent use registration for NERDS ON CALL for computer installation, maintenance, and repair services, the scope of which extend throughout the United States, except for (1) a 50 mile radius around Indianapolis, Indiana (2) the entire state of Maryland and the District of Columbia.

5. Award Counterclaimants their reasonable attorneys' fees and costs;

6. Award Counterclaimants all other and further relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury on all claims set forth above.

DATED: December 19, 2007         SOMMER BARNARD, PC

                                              By: /s/ JONATHAN POLAK
                                                   Jonathan Polak

                                              Jonathan Polak, IN Bar #21954-49
                                              Sommer Barnard, PC
                                              One Indiana Square, Suite 3500
                                              Indianapolis, IN 46204
                                              Telephone: (317) 713-3500
                                              Fax: (317) 713-3699

                                              Attorneys for Defendant NERDS ON CALL, INC., a
                                              California Corporation