UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NERDS ON CALL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> INTERNET BILLING SERVICES, INC., and RYAN ELDRIDGE, Individually, <br><br> Defendants. | Case No.: 1:07-cv-0535-DFH-TAB <br><br> **REPLY TO PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS** |

Defendants Nerds on Call, Inc., a California corporation[1] and Ryan Eldridge (collectively "Nerds/California") <u>do not oppose</u> the motion by Plaintiff Nerds on Call, Inc., an Indiana corporation ("Nerds/Indiana"), to extend by fourteen days its time to respond to the pending motion to dismiss this action.

Nerds/California responds to the instant motion (1) to inform the Court of the dilatory tactics by Nerds/Indiana, (2) to request that Exhibit B of the instant motion be stricken, and (3) to suggest that this action be transferred to the Eastern District of California consistent with the offer made by Nerds/Indiana that is attached to its motion as Exhibit A.

## PROCEDURAL HISTORY

Nerds/California filed a motion to dismiss this lawsuit on October 15, 2007 for lack of personal jurisdiction, improper venue, and failure of effect service. Dkt. 15.

On October 30, 2007, the date the response to that motion was due, counsel for Plaintiff Nerds/Indiana filed a request for additional time citing his "court and trial schedule" as the

---

[1] "Internet Billing Services, Inc.," is the named corporate defendant in this action but, under that name, no such corporation now exists. Nerds/California admits it previously did business under that corporate name but has formally changed it to Nerds On Call, Inc. Because Nerds/California readily knows that it is the party intended to be sued, it appears in this action and responds to the instant motion as if properly sued under its current corporate name.

reason why he could not complete his client's response. Dkt. 21. Nerds/California stipulated to the extension and the Court granted it until November 13, 2007.

On November 14, 2007 counsel for Nerds/Indiana filed a second motion for additional time to respond to the motion to dismiss again citing his "court and trial schedule" as the reason why he could not complete his client's response. Dkt. 26. Nerds/California again stipulated to the extension and the Court granted it until December 12, 2007.

On December 12, 2007 a settlement conference was held that did not resolve the parties' dispute. During that conference counsel for Nerds/Indiana informed the Court that his client's response to the motion to dismiss was *still* not complete but that he would file it no later than December 21, 2007. Dkt. 33 at ¶2. The Court extended Nerds/Indiana's time to respond to December 21, 2007. Dkt. 31.

Instead of filing a response on December 21, 2007, however, counsel for Nerds/Indiana filed the instant motion for yet more time to respond. Dkt. 32. The reason cited was the fact that his client suffered a stroke on or about December 18th or 19th and that, as a result of the stroke, counsel has been "unsuccessful in reaching and discussing" with his client the evidence necessary to respond to the pending motion to dismiss. Dkt. 32 at ¶5.

## ARGUMENT

As noted, Nerds/California <u>does not oppose</u> the instant motion for additional time to respond to the pending motion to dismiss. Certain issues require the Court's attention, however.

### I.     Local Rule 6.1(a)

First, counsel for Nerds/Indiana *did not* inform counsel for Nerds/California that his client suffered a stroke nor did he seek a stipulation for this new extension of time as is required

by Local Rule 6.1(a). The settlement communications between counsel attached as exhibits to the instant motion do not address, at all, this fourth request for additional time to respond.

## II.    Nerds/Indiana Has Been Dilatory

Second, contrary to the impression left by the instant motion, counsel for Nerds/Indiana has had ready access to his client for over two months—from October 15th (the date Defendants' motion to dismiss was filed) to December 19th (the date of his client's stroke)—to compile the evidence necessary to prepare a response to the motion to dismiss. The fact that his client became ill *two* days before his response deadline is no excuse for being dilatory during the preceding *sixty* days. It bears noting that Nerds/California has stipulated to two extensions of time already and would have agreed to the latest request had it been informed why another extension was needed.

## III.    Request to Strike Exhibit B

Third, Nerds/California requests that the Court strike Exhibit B to the instant motion under Federal Rule of Civil Procedure 12(f) and Federal Rule of Evidence 408 because it is a confidential settlement communication that is immaterial, and has no bearing on, the instant motion and its existence in the public record is prejudicial to Nerds/California.

Rule 408 forbids the admission of statements made during settlement negotiations to prove liability or lack of liability. *Bankcard Am., Inc. v. Universal Bancard Sys., Inc.* 203 F.3d 477, 483 (7th Cir 2000). Because settlement talks might be chilled if such discussions could be used as admissions, the rule's purpose is to encourage settlements. *Id.* Rule 12(f) provides that such statements may be stricken as "redundant, immaterial, impertinent, or scandalous." *Braman v. Woodfield Gardens Ass'n, Realcorp Investors I*, 715 F. Supp. 226, 230 (N.D. Ill. 1989).

Exhibit B to the instant motion is a letter from counsel for Nerds/California to counsel for Nerds/Indiana that is labeled—in bold and at its top—"This Communication is Protected by all Settlement Privileges." There is no doubt the letter is a settlement communication. Counsel for Nerds/Indiana, in fact, rightly characterizes the substance of the letter as a rejection of, and a counteroffer to, his settlement offer sent a few days previous. Dkt. 32 at ¶4. The clear intent of the letter was to offer two settlement alternatives and to make plain that Nerds/Indiana was obligated to file its opposition to the pending motion to dismiss by the Court-ordered deadline of December 21, 2007.

There is <u>no</u> discussion in either that letter or the one prompting it (attached by Plaintiff to its instant motion as Exhibit A) that relates to Mr. Bouchenette's stroke or any need for, or any request for, the additional time now requested by counsel for Nerds/Indiana to respond to the pending motion to dismiss. The letter, therefore, has no bearing on the instant request for additional time, is inadmissible for the purpose for which it was offered, is immaterial, and serves no useful purpose by its inclusion in the public record. The letter was apparently included solely to demonstrate that Nerds/California's corporate counsel has become impatient with the numerous delays by Nerds/Indiana in filing its response to the motion to dismiss. That, while accurate, is not, however, a proper purpose for filing a confidential settlement communication.

Nerds/California is prejudiced by the letter's inclusion in the public record because it includes financial information about the company's defense costs and reveals information about the dynamic between its corporate and litigation counsel. The letter should be stricken from the record and Nerds/California requests an Order to that effect.

### IV. Transfer of this Action

Lastly, Nerds/Indiana has filed with the Court a letter in which it agreed to dismiss this action on the condition that it be allowed to re-file the action in the United States District Court for the Eastern District of California. Dkt. 32 at Exhibit A. Nerds/Indiana characterizes this as an "interim resolution" of the parties' dispute. Dkt. 32 at ¶3.

As Nerds/California will more fully explain in its reply to Nerds/Indiana's response to the pending motion to dismiss, Nerds/California <u>does not oppose</u> the Court transferring this action to the United States District Court for the Eastern District of California which, admittedly, has personal jurisdiction over Nerds/California. The transfer of this action to that court will preserve Nerds/Indiana's right to seek relief from defendants' alleged infringements while at the same time ensuring that those claims are adjudicated in the forum that *both parties acknowledge* is proper for this dispute.[2]

Nerds/California simply wishes to make its position on this matter, and this option, known to the Court in a timely manner. Setting forth this position should not, respectfully, be construed by the Court as a formal motion under the Federal Rules to transfer this action. Nerds/California will continue to wait for its motion to dismiss to be fully briefed, heard, and decided—and also believes that a reasonable and appropriate alternative to its request for a dismissal of Nerds/Indiana's lawsuit is to transfer this action to a forum where it can be properly adjudicated.

---

[2] Acknowledged by Nerds/Indiana in the December 14, 2007 letter attached to its instant motion as Exhibit A: "NoC will agree to execute a stipulation of dismissal in this matter that states that any subsequent action brought by NoC as against your client(s) with regard to these matters shall be brought in the Eastern District of California and/or the United States Patent and Trademark Office – Trademark Trial and Appeal Board."

## CONCLUSION

Nerds/California does not oppose the instant motion by Nerds/Indiana to extend by fourteen days its time to respond (up to and including January 4, 2008) to the pending motion to dismiss this action. The Court should be aware that the motion is procedurally flawed, however, and reveals that counsel for Nerds/Indiana has been dilatory in preparing his client's response to the pending motion to dismiss. The Court should also strike Exhibit B to the instant motion as immaterial.

DATED: December 27, 2007    SOMMER BARNARD, PC

By: /s/ JONATHAN POLAK
    Jonathan Polak

Jonathan Polak, IN Bar #21954-49
Sommer Barnard, PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: (317) 713-3500
Fax: (317) 713-3699

Attorneys for Defendant NERDS ON CALL, INC., a California Corporation

706172