UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NERDS ON CALL, INC., )<br>An Indiana Corporation, )<br> )<br>           Plaintiff, )<br> )<br>     v. )    CASE NO. 1:07-cv-0535-DFH-TAB<br> )<br>NERDS ON CALL, INC., a California )<br>Corporation, and RYAN )<br>ELDRIDGE, Individually, )<br> )<br> )<br>           Defendants. ) | |

## **PLAINTIFF / COUNTERCLAIM DEFENDANT'S RESPONSE TO COUNTERCLAIMANTS' COUNTERCLAIM**

Comes now Plaintiff / Counterclaim Defendant NERDS ON CALL, INC. (hereinafter "Nerds Indiana"), by counsel, Theodore J. Minch, and for its response to Nerds on Call, Inc.'s (California) (hereinafter "Nerds California") and Ryan Eldridge's, individually (hereinafter "RE") (Nerds California and RE may be collectively referred to hereinafter as "Counterclaimants") (Nerds Indiana and Counterclaimants may, from time to time, be hereinafter collectively referred to hereinafter as the "Parties") Counterclaim (hereinafter the "Counterclaim") against Nerds Indiana, Nerds Indiana hereby states and alleges as follows:

### **PARTIES**

1.    Nerds Indiana is a corporation duly existing and incorporated under the laws of the State of Indiana with its principal office at 9430 Los Robles Road, Fishers, Indiana 46038, United States of America.

2.    Nerds California is a successor entity to Internet Billing Services, Inc. and maintains its principle place of business in Redding, California 96003.

3. RE, upon information and belief, is an individual and a founder, part owner, and one of the principal managers and principal of Nerds California who resides in Redding, California.

4. Counterclaimants are citizens of a state other than the State of Indiana (specifically, California) and the venue of the Southern District of Indiana, Indianapolis Division.

5. Notwithstanding Counterclaimants arguments to the contrary as contained in Counterclaimants' Motion to Dismiss, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332 and this Court also has subject matter jurisdiction over the claims in this Complaint arising under the Lanham Act pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. § 1338.

6. Notwithstanding Counterclaimants arguments to the contrary as contained in Counterclaimants' Motion to Dismiss, this Court has personal jurisdiction over Defendants, as Defendants have committed acts that have caused tortious injury in this Judicial District, the Southern District of Indiana, Indianapolis Division, pursuant to Ind. Code § 32-13-1-9.

7. Notwithstanding Counterclaimants arguments to the contrary as contained in Counterclaimants' Motion to Dismiss, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Notwithstanding Counterclaimants arguments to the contrary as contained in Counterclaimants' Motion to Dismiss, since Defendants are subject to personal jurisdiction in this Judicial District, the Southern District of Indiana, Indianapolis Division, Defendants reside in this Judicial District for the purposes of establishing personal jurisdiction under 28 U.S.C. § 1391.

## FACTS

9. Counterclaim Defendants repeat and reallege those facts as contained in Paragraphs 10. – 42. of Counterclaim Defendant's Complaint for Damages as filed in this Case on or about April 27, 2007. See Dkt. 1.

## RESPONSE TO COUNTERCLAIMS

Counterclaim Defendant Nerds Indiana hereby responds to Counterclaimants' counterclaim as against Nerds Indiana as follows:

## RESPONSE TO FIRST COUNTERCLAIM
(Declaration of No Trademark Infringement)

10. Nerds Indiana hereby DENIES that Counterclaimants have not infringed, are not infringing, and in no way are liable under the common law or 15 U.S.C. section 1114 for infringement of the trademark rights Nerds Indiana owns in and to the mark NERDS ON CALL.

11. Nerds Indiana hereby ADMITS there is an actual and justiciable controversy between the Parties regarding whether Counterclaimants infringe or otherwise violate the trademark rights Nerds Indiana owns in and to the mark NERDS ON CALL.

12. Nerds Indiana hereby ADMITS that absent a declaration of non-infringement by Counterclaimants of Nerds Indiana's trademark rights in and to the mark NERDS ON CALL, Nerds Indiana will continue to assert that Counterclaimants have infringed and are infringing, or are otherwise violating those rights. Nerds Indiana hereby DENIES that its continued assertion of its trademark in and to the Mark NERDS ON CALL will cause Counterclaimants' harm and damage.

## RESPONSE TO SECOND COUNTERCLAIM
(Declaration of No Unfair Competition)

13. Counterclaimants restate, reallege, and reiterate the contentions in Paragraphs 1. – 12. as if fully set forth herein.

14. Nerds Indiana ADMITS that it claims that the mark NERDS ON CALL is a federally protected trademark, copyright, trade secret, and / or patent that it owns and/or possesses.

15. Nerds Indiana ADMITS that it is the exclusive common law right to use the mark NERDS ON CALL within a fifty (50) mile radius of Indianapolis, Indiana. Nerds Indiana DENIES that Nerds Indiana does not own a federally protected trademark, copyright, trade secret, and / or patent for the mark NERDS ON CALL.

16. Nerds Indiana DENIES that Counterclaimants do not use the mark NERDS ON CALL in commerce within a fifty (50) mile radius of Indianapolis, Indiana or cause its NERDS ON CALL mark to be used in commerce in that geographic area.

17. Nerds Indiana ADMITS that Counterclaimants have engaged in unfair competition under various Indiana statutes, the common law, and 15 U.S.C. section 1125(A) by, among other acts, failing to obtain Nerds Indiana's written consent before using the mark NERDS ON CALL in commerce.

18. Nerds Indiana DENY that Counterclaimants have not engaged, and are not engaging, in unfair competition under the laws of Indiana, the United States, or the common law and are no way liable for unfair competition under those laws for their use of NERDS ON CALL.

19. Nerds Indiana ADMITS that there is an actual and justiciable controversy between the Parties regarding whether Counterclaimants have engaged in unfair competition

with regard to their use of the mark NERDS ON CALL.

20. Nerds Indiana ADMITS that absent a declaration that Counterclaimants' conduct does not violate unfair competition law, Nerds Indiana will continue to assert that Counterclaimants have and are engaging in unfair competition.

## RESPONSE TO THIRD COUNTERCLAIM
(Declaration Regarding Concurrent Use Trademark Registration)

21. Counterclaimants restate, reallege, and reiterate the contentions in Paragraphs 1. – 20. as if fully set forth herein.

22. Nerds Indiana ADMITS that Nerds California has filed with the United States Patent and Trademark Office a concurrent use registration application (having Serial No. 77231974) seeking to register the mark NERDS ON CALL for computer installation, maintenance, and repair services, the scope of which would extend throughout the United States, except for (1) a 50 mile radius around Indianapolis, Indiana (2) the entire state of Maryland and the District of Columbia (hereinafter the "Counterclaimants' Application"). Nerds Indiana hereby likewise Admits that the Counterclaimants' Application is currently pending in the United States Patent and Trademark Office.

23. Nerds Indiana ADMITS that it asserts that Nerds California is not entitled to federally register the mark NERDS ON CALL by way of either a unrestricted registration or a concurrent use registration. Likewise, Nerds Indiana ADMITS that it has filed with the United States Patent and Trademark Office two (2) trademark applications to federally register the mark NERDS ON CALL (having Serial Nos. 77241528 and 77241523), the scope of which would extend throughout the United States (hereinafter the "Nerds Indiana Applications"). Nerds Indiana ADMITS that the Nerds Indiana Applications are currently pending but all examination has been suspended pending a resolution of Nerds/California's concurrent use application for

NERDS ON CALL (having Serial No. 77231974).

24. Nerds Indiana ADMITS that there is an actual and justiciable controversy between the parties regarding their respective rights to federally register the mark NERDS ON CALL as a trademark.

25. Nerds Indiana AGREE that this Court may, under 15 U.S.C. section 1119, determine the right of the parties to federally register NERDS ON CALL.

26. Nerds Indiana ADMITS that absent a declaration that Counterclaimants are entitled to registration of the Nerds California Application, Nerds Indiana will continue to assert that it owns the right to use and to federally register the mark NERDS ON CALL as a trademark throughout the United States.

## NERDS INDIANA AFFIRMATIVE DEFENSES

Comes now Counterclaim Defendants, NERDS ON CALL, INC. ("Nerds Indiana") and, having responded to each and every one of Counterclaimants' counterclaims, now submits its Affirmative Defenses to the Counterclaim as filed by Nerds on Call, Inc. (California) and Ryan Eldridge (collectively, "Counterclaimants") as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

Counterclaimants lack standing to bring each and every counterclaim alleged by Counterclaimants.

**SECOND AFFIRMATIVE DEFENSE**
**(Laches, Waiver, Estoppel)**

Each and every counterclaim alleged by Counterclaimants is barred by the doctrines of waiver, laches, and / or estoppel.

## THIRD AFFIRMATIVE DEFENSE
**(Bad Faith)**

The Complaint, as brought herein by Plaintiff against SML, must be barred because said Complaint is in bad faith

## FOURTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

Each and every counterclaim alleged by Counterclaimants is barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
**(Reservation of Affirmative Defenses Not Yet Known)**

Nerds Indiana has insufficient information upon which to form a belief as to the whether it may have additional unstated affirmative defenses; Nerds Indiana consequently hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that the same is appropriate.

## JURY DEMAND

27. Nerds Indiana hereby requests that these matters be tried by jury.

Dated: February 6, 2008

Respectfully submitted,

 /s/ *Theodore J. Minch*_____
Theodore J. Minch, #18798-49
Attorney for Plaintiff Nerds on Call, Inc.
SOVICH MINCH, LLP
10099 Chesapeake Drive, Suite 100
McCordsville, Indiana 46055
(317) 335-3601 (t)
(317) 335-3602 (f)
e-mail – tjminch@sovichminch.com

**PROOF OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon the following counsel for record this 6th day of February, 2008 via electronic mail only:

Jonathan G. Polak, #21954-49
SOMMER BARNARD PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204
e-mail: jpolak@sommerbarnard.com

                                                  */s/ Theodore J. Minch*_____
                                                  Theodore J. Minch, #18798-49
                                                  SOVICH MINCH, LLP
                                                  Attorney for Plaintiff Nerds on Call, Inc.
                                                  E-Mail: tjminch@sovichminch.com