UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NERDS ON CALL, INC., ) <br> An Indiana Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NERDS ON CALL, INC., a California ) <br> Corporation, and RYAN ) <br> ELDRIDGE, Individually, ) <br> ) <br> ) <br> Defendants. ) | CASE NO. 1:07-cv-0535-DFH-TAB |

## **PLAINTIFF / COUNTERCLAIM DEFENDANT'S FIRST AMENDED RESPONSE AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMANTS' COUNTERCLAIM**

Comes now Plaintiff / Counterclaim Defendant NERDS ON CALL, INC. (hereinafter "Nerds Indiana"), by counsel, Theodore J. Minch, and for its response to Nerds on Call, Inc.'s (California) (hereinafter "Nerds California") and Ryan Eldridge's, individually (hereinafter "RE") (Nerds California and RE may be collectively referred to hereinafter as "Counterclaimants") (Nerds Indiana and Counterclaimants may, from time to time, be hereinafter collectively referred to hereinafter as the "Parties") Counterclaim (hereinafter the "Counterclaim") against Nerds Indiana, Nerds Indiana hereby states and alleges as follows:

## **PARTIES**

93. Nerds Indiana ADMITS Nerds California is a duly formed California Corporation having its principal place of business in Redding, California 96003.

94. Nerds Indiana ADMITS RE is an individual who resides in Redding, California and is a founder, part owner, and one of the principal managers of Nerds California.

95. Nerds Indiana ADMITS that it is an Indiana corporation with its principal office in Fishers, Indiana 46038, United States of America.

96. Rhetorical paragraph 96. of the Counterclaim requires neither an admission nor a denial thereof by Nerds Indiana.

97. Nerds Indiana DENIES that Counterclaimants are not properly before Court and asserts that this Court does have personal jurisdiction over Counterclaimants and that this venue is proper for Nerds Indiana's underlying action as against Counterclaimants. Nerds Indiana ADMITS that this Court has personal jurisdiction over Nerds/Indiana and that venue is proper as Nerds Indiana resides in this district and has subjected itself to the personal jurisdiction of this Court by filing its Complaint in this district.

98. Rhetorical paragraph 98. of the Counterclaim requires neither an admission nor a denial thereof by Nerds Indiana.

99. Nerds Indiana ADMITS that Counterclaimants offer and provide computer installation, maintenance, and repair services and market those services, among other places, at callnerds.com, a website owned and operated by Nerds California.

100. Nerds Indiana ADMITS that it offers and provides computer-related services and markets those and other such services, among other places, at nerdsoncall.com, a website owned and operated by Nerds Indiana.

101. Nerds Indiana ADMITS that it asserts, under the common law and 15 U.S.C. section 1114, Nerds Indiana owns the exclusive right throughout the United States to use the phrase NERDS ON CALL, and all other confusingly similar phrases, to market, offer, and provide computer related services.

102. Nerds Indiana ADMITS that it asserts that Counterclaimants' use of NERDS ON CALL mark to market, offer, and provide Counterclaimants' services and its use of callnerds.com as the domain name for its website are likely to cause confusion, mistake, and deception of the public in light of Nerds Indiana's assertion of the above-enumerated rights in and to the NERDS ON CALL mark.

103. Nerds Indiana ADMITS that it has brought suit against Counterclaimants alleging, among other wrongs, trademark infringement of the phrase NERDS ON CALL and previously initiated an Opposition proceeding in the United States Patent and Trademark Office to prevent COUNTERCLAIMANTS from registering its NERDS ON CALL trademark.

## NERDS INDIANA'S AMENDED RESPONSE TO COUNTERCLAIMANTS' FIRST COUNTERCLAIM

104. Nerds Indiana DENIES that Counterclaimants have not infringed, are not infringing, and in no way are liable under the common law or 15 U.S.C. section 1114 for infringement of Nerds Indiana's rights, as hereinabove asserted, to the mark NERDS ON CALL. The second sentence of Counterclaimants' rhetorical paragraph 104. of the Counterclaim requires neither an admission nor a denial thereof by Nerds Indiana.

105. Nerds Indiana ADMITS that there is an actual and justiciable controversy between the parties regarding whether Counterclaimants infringe or otherwise violate Nerds Indiana's rights, as hereinabove asserted, to the mark NERDS ON CALL.

106. Nerds Indiana ADMITS that absent a declaration of non-infringement by Counterclaimants of Nerds Indiana's rights, as hereinabove asserted, to the mark NERDS ON CALL, Nerds Indiana continue to assert that Counterclaimants have infringed and are infringing, or are otherwise violating, said rights. Because Nerds Indiana, on the bases hereinbefore asserted, believe that Counterclaimants use of the mark NERDS ON CALL is unlawful, Nerds

Indiana DENIES that Nerds Indiana's continued assertions of infringement will cause Counterclaimants' harm and damage.

107. Rhetorical paragraph 107. of the Counterclaim requires neither an admission nor a denial thereof by Nerds Indiana.

**NERDS INDIANA'S AMENDED RESPONSE TO COUNTERCLAIMANTS' SECOND COUNTERCLAIM**

108. Rhetorical paragraph 108. of the Counterclaim requires neither an admission nor a denial thereof by Nerds Indiana.

109. Nerds Indiana ADMITS that it claims that NERDS ON CALL is a federally protected trademark, copyright, trade secret, and / or patent that it owns and / or possesses.

110. Nerds Indiana ADMITS that it possesses the exclusive common law right to use NERDS ON CALL within a 50 mile radius around Indianapolis, Indiana but DENIES that it does not own a federally protected trademark, copyright, trade secret, and / or patent for the mark NERDS ON CALL.

111. Nerds Indiana DENIES that Counterclaimants do not use the mark NERDS ON CALL in commerce in or 50 miles around Indianapolis, Indiana or cause the mark NERDS ON CALL mark to be used in commerce in that geographic area.

112. Nerds Indiana ADMITS that it asserts that Counterclaimants have engaged in unfair competition under various Indiana statutes, the common law, and 15 U.S.C. section 1125(A) by, among other acts, failing to obtain Nerds Indiana's written consent before using the mark NERDS ON CALL in commerce.

113. Nerds Indiana DENIES that Counterclaimants have not engaged, and are not engaging, in unfair competition under the laws of Indiana, the United States, or the common law

and that, as such, Counterclaimants are [in] no way liable for unfair competition under those laws for their use of the mark NERDS ON CALL.

114. Nerds Indiana ADMITS that there is an actual and justiciable controversy between the Parties regarding whether Counterclaimants have engaged in unfair competition with regard to their use of the mark NERDS ON CALL.

115. Nerds Indiana ADMITS that absent a declaration that Counterclaimants' conduct does not violate unfair competition law, Nerds Indiana will continue to assert that Counterclaimants have and are violating those laws. Because Nerds Indiana, on the bases hereinbefore asserted, believe that Counterclaimants use of the mark NERDS ON CALL does constitute unfair competition law, Nerds Indiana DENIES that Nerds Indiana's continued assertions as such will cause Counterclaimants' harm and damage. and in this way will cause Counterclaimants harm and damage.

116. Rhetorical paragraph 116. of the Counterclaim requires neither an admission nor a denial thereof by Nerds Indiana.

**NERDS INDIANA'S AMENDED RESPONSE TO COUNTERCLAIMANTS' THIRD COUNTERCLAIM**

117. Rhetorical paragraph 117. of the Counterclaim requires neither an admission nor a denial thereof by Nerds Indiana.

118. Nerds Indiana ADMITS that Nerds California has filed with the United States Patent and Trademark Office a concurrent use registration application (having Serial No. 77/231,974), which application is currently pending, seeking to register NERDS ON CALL for computer installation, maintenance, and repair services, the scope of which would extend

throughout the United States, except for (1) a 50 mile radius around Indianapolis, Indiana (2) the entire state of Maryland and the District of Columbia.

119. Nerds Indiana ADMITS that it asserts that Nerds California is not entitled to federally register NERDS ON CALL by way of either a unrestricted registration or a concurrent use registration. Nerds Indiana ADMITS that it has filed with the United States Patent and Trademark Office two applications to federally register NERDS ON CALL (having Serial Nos. 77/241,528 and 77/241,523), the scope of which would extend throughout the United States. Nerds Indiana ADMITS that its foregoing applications are currently pending but all examination has been suspended pending a resolution of Nerds California's concurrent use application for the mark NERDS ON CALL (having Serial No. 77/231,974).

120. Nerds Indiana ADMITS that there is an actual and justiciable controversy between the Parties regarding their respective rights to federally register the mark NERDS ON CALL as a trademark.

121. Nerds Indiana ADMITS that this Court may, under 15 U.S.C. section 1119, determine the right of the parties to federally register the mark NERDS ON CALL.

122. Nerds Indiana ADMITS that absent a declaration that Nerds California is entitled to the federal trademark registration that it has applied for, Nerds Indiana will continue to assert that it owns the right to use and to federally register the mark NERDS ON CALL as a trademark throughout the United States.

123. Nerds Indiana ADMITS that Counterclaimants seek a declaration that Nerds California is entitled to a concurrent use registration for NERDS ON CALL for computer installation, maintenance, and repair services, the scope of which extend throughout the United

States, except for (1) a 50 mile radius around Indianapolis, Indiana (2) the entire state of Maryland and the District of Columbia.

**NERDS INDIANA AMENDED AFFIRMATIVE DEFENSES**

Comes now Counterclaim Defendants, NERDS ON CALL, INC. ("Nerds Indiana") and, having responded to each and every one of Counterclaimants' counterclaims, now submits its Affirmative Defenses to the Counterclaim as filed by Nerds on Call, Inc. (California) and Ryan Eldridge (collectively, "Counterclaimants") as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

124. Nerds Indiana asserts that, under the common law and 15 U.S.C. section 1114, Nerds Indiana owns the exclusive right throughout the United States to use the phrase NERDS ON CALL, and all other confusingly similar phrases, to market, offer, and provide computer related services.

125. Likewise, Nerds Indiana asserts that under the common law and 15 U.S.C. section 1114, Counterclaimants own no rights to use the phrase NERDS ON CALL, and all other confusingly similar phrases, to market, offer, and provide computer related services.

126. Because Counterclaimants own no rights to use the phrase NERDS ON CALL, and all other confusingly similar phrases, to market, offer, and provide computer related services Counterclaimants lack standing to bring each and every counterclaim alleged by Counterclaimants.

**SECOND AFFIRMATIVE DEFENSE**
**(Laches, Waiver, Estoppel)**

127. Since at least as early as November, 2005, Counterclaimants have been aware that

there is an actual and justiciable controversy between the Parties regarding their respective rights in and to the rightful ownership and / or right to use the mark NERDS ON CALL.

128. Despite Counterclaimants knowledge of an actual and justiciable controversy between the Parties regarding their respective rights in and to the rightful ownership and / or right to use the mark NERDS ON CALL, Counterclaimants have taken no actions with regard to the same.

129. Based upon the foregoing, each and every counterclaim alleged by Counterclaimants is barred by the doctrines of waiver, laches, and / or estoppel.

**THIRD AFFIRMATIVE DEFENSE**
**(Bad Faith)**

130. Nerds Indiana has continuously used the mark NERDS ON CALL and protected the same from misuse prior to Counterclaimants' purported first use of the mark NERDS ON CALL.

131. As a result of Nerds Indiana's open and notorious continuous use of the mark NERDS ON CALL and protection of the same from misuse, Counterclaimants had access to and were consequently aware Nerds Indiana's ownership of the mark NERDS ON CALL.

132. Despite Counterclaimants' knowledge of Nerds Indiana's ownership of the mark NERDS ON CALL, Counterclaimants used the same without prior express authorization of Nerds Indiana.

133. As a result of Counterclaimants' bad faith actions as plead hereinabove, each and every one of the counterclaims brought by Counterclaimants in the Counterclaim must be barred.

**FOURTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

134. Nerds Indiana has continuously used the mark NERDS ON CALL and protected the same from misuse prior to Counterclaimants' purported first use of the mark NERDS ON CALL.

135. As a result of Nerds Indiana's open and notorious continuous use of the mark NERDS ON CALL and protection of the same from misuse, Counterclaimants had access to and were consequently aware Nerds Indiana's ownership of the mark NERDS ON CALL.

136. Despite Counterclaimants' knowledge of Nerds Indiana's ownership of the mark NERDS ON CALL, Counterclaimants used the same without prior express authorization of Nerds Indiana.

137. As a result of Counterclaimants' unclean hands as plead hereinabove, each and every one of the counterclaims brought by Counterclaimants in the Counterclaim must be barred.

**FIFTH AFFIRMATIVE DEFENSE**
**(Reservation of Affirmative Defenses Not Yet Known)**

138. Nerds Indiana has insufficient information upon which to form a belief as to the whether it may have additional unstated affirmative defenses; Nerds Indiana consequently hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that the same is appropriate.

# JURY DEMAND

139.  Nerds Indiana hereby requests that these matters be tried by jury.

Dated:  April 24, 2008                    Respectfully submitted,

                                          /s/ *Theodore J. Minch*
                                          Theodore J. Minch, #18798-49
                                          Attorney for Plaintiff Nerds on Call, Inc.
                                          SOVICH MINCH, LLP
                                          10099 Chesapeake Drive, Suite 100
                                          McCordsville, Indiana 46055
                                          (317) 335-3601 (t)
                                          (317) 335-3602 (f)
                                          e-mail – tjminch@sovichminch.com

## PROOF OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon the following counsel for record this 24th day of April, 2008 via electronic mail only:

Jonathan G. Polak, #21954-49
SOMMER BARNARD PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204
e-mail:  jpolak@sommerbarnard.com

                                          /s/ *Theodore J. Minch*
                                          Theodore J. Minch, #18798-49
                                          SOVICH MINCH, LLP
                                          Attorney for Plaintiff Nerds on Call, Inc.
                                          E-Mail:  tjminch@sovichminch.com