UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NERDS ON CALL, INC. (INDIANA),<br><br>          Plaintiff,<br><br>vs.<br><br>NERDS ON CALL, INC. (CALIFORNIA)<br>and RYAN ELDRIDGE,<br><br>          Defendants. | Case No.: 1:07-cv-0535-DFH-TAB |

# CASE MANAGEMENT PLAN

**I.    Parties and Representatives**

      A.    Plaintiff:                       NERDS ON CALL, INC. ("Nerds/Indiana")

            Plaintiff's Counsel:        Theodore J. Minch,  Bar #18798-49
                                              SOVICH MINCH, LLP
                                              10099 Chesapeake Drive, Suite 100
                                              McCordsville, Indian a 46055
                                              Telephone:  317.335.3601
                                              Facsimile:   317.335.3602
                                              e-mail: tjminch@sovichminch.com

      B.    Defendants:                NERDS ON CALL, INC. and RYAN ELDRIDGE
                                              (collectively, "Nerds/California")

            Defendants' Counsel:      Jonathan G. Polak, Bar #21954-49
                                              Taft Stettinius & Hollister LLP
                                              One Indiana Square, Suite 3500
                                              Indianapolis, Indiana 46204-2023
                                              Telephone: 317.713.3500
                                              Facsimile:  317.713.3699
                                              e-mail:  jpolak@taftlaw.com

                                              Daniel N. Ballard, CA Bar #219223 (pro hac vice)
                                              Sequoia Counsel PC
                                              770 L St., Suite 950
                                              Sacramento, CA 95814
                                              Telephone: 916.449.3950
                                              e-mail:  dballard@sequoiacounsel.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

1

## II.     Synopsis of Case

### A.     Plaintiff's Synopsis of Case

Since at least as early as 1996, Nerds/Indiana has continuously used and protected from misuse the literal elements of the mark NERDS ON CALL (hereinafter the "Mark") in interstate commerce on or in connection with the following services: computer installation and repair; installation and repair of business and office machinery and equipment; installation of computer networks; installation of computer systems; installation of telephone lines; installation, maintenance and repair o f computer and Internet systems for home and business.  In support of its overall business operations, Nerds/Indiana has expended countless resources in advertising and/or protecting the mark since at least as early as its 1996 first use date of the Mark.

Shortly after becoming aware of Nerds/California's unauthorized use of the Mark, on October 9, 2004 and January 19, 2005, Nerds/Indiana, by counsel, sent a cease and desist and follow-up letter to Nerds/California advising it of  Nerds/Indiana's ownership and prior interstate use of the Mark.  Despite this notice, forty-three (43) days after receipt of Nerds/Indiana's initial correspondence, Nerds/California proceeded in filing a trademark application, Application No. 78/521,149, for the Mark in International Class 037 for installation, maintenance and repair of computers for homes and businesses; in the foregoing application, Nerds/California claimed a first use date of March, 2003. Nerds/California trademark application was published for opposition on November 28, 2006 and Nerds/Indiana filed its Notice of Opposition to Defendants' application on March 28, 2007. Throughout the pendency of the opposition proceedings, Nerds/Indiana and Nerds/California attempted to resolve the case without resorting to further, more formal, protracted proceedings; no resolution could be reached between the Parties and this present action was therefore instituted.  Nevertheless, judgment on the Notice of Opposition was granted in favor of Nerds/Indiana on  June 5, 2007 and Defendants' application was summarily abandoned on the basis thereof on July 30, 2007.

On July 17, 2007, Nerds/California filed a new, concurrent use (restricting applicability of the application to the entire United States except for a fifty (50) mile radius around Indianapolis, Indiana, the entire state of Maryland, and the entire District of Columbia trademark application for the Mark), Application No. 77/231,974. This application remains currently pending in the United States Patent and Trademark Office.

By virtue of Nerds/California's continue use of the Mark without prior authorization of Nerds/Indiana, Nerds/California are seeking to trade off the goodwill in and to the Mark as created by Nerds/Indiana by obtaining, under the provisions of the Trademark Act of 1946, as amended, registration upon the Principal Register of the Mark. Furthermore, as a direct and proximate result of Nerds/Indiana's efforts with regard to the Mark, the Mark has become synonymous with Nerds/Indiana's various business endeavors, some of which include but are not necessarily limited to the installation, maintenance, and repair of computers for homes and businesses, the very services sought to be Federally protected by Defendants in their new

trademark application and via their continued unauthorized use of the Mark. Based upon Nerds/Indiana's continuous interstate use and / or protection of the Mark, the Mark, as owned by Nerds/Indiana, may be protected from such unauthorized, illegal, and infringing uses of the Mark as made by third parties such as Defendants without approval from Nerds/Indiana.

Defendants' unauthorized and infringing use of the Mark is actionable and constitutes trademark infringement under Section 32(1) of the Lanham Act, unfair competition under the common law, 15 U.S.C. § 1125 (a), and Indiana State law Ind. Code § 32-13-1-6, unjust enrichment, tortuous interference of contract, conversion, and false advertising. Nerds/Indiana maintains personal jurisdiction over Nerds/California herein because Nerds/California has engaged in conduct prohibited under Ind. Code §32-36-1-8 in Indiana, Nerds/California has caused to be transported into Indiana goods or other materials created or used in violation of I.C. §32-36-1-8, and Nerds/California has knowingly caused advertising or promotional material created or used in violation of I.C. §32-36-1-8 to be published, distributed, exhibited, or disseminated within Indiana.

### B.    Defendants' Synopsis of Case:

Defendant Nerds On Call, Inc. is a California corporation that provides onsite computer maintenance and repair services to consumers within Northern California. Defendant Ryan Eldridge is a founder and vice president of the company. As argued in its motion to dismiss and its motion for reconsideration if the Court's denial of that motion, Nerds/California contends this Court may not properly assert personal jurisdiction over Nerds/California.

Nerds/California admits that Nerds/Indiana is the senior user of the mark NERDS ON CALL to brand onsite computer maintenance and repair services. Nerds/California contends, however, that Nerds/Indiana's use of that mark has been, and currently is, restricted to Indianapolis, Indiana and a fifty mile radius around that city. Nerds/California contends the trademark rights created by Nerds/Indiana do not extend outside that geographic area—and certainly do not extend to Northern California. Due to the limited geographic scope of Nerds/Indiana's rights in NERDS ON CALL, Nerds/California contends it is not unlawful for it to use that mark in Northern California.

Nerds/Indiana filed the instant lawsuit, among other reasons, in an attempt to thwart Nerds/California's currently pending federal trademark registration application for NERDS ON CALL. That application acknowledges Nerds/Indiana's senior rights in the mark and therefore requests registration protection throughout the country except for Indianapolis and a fifty mile radius around the city (and, due to a third user of the NERDS ON CALL mark, Washington D.C. and Maryland). In a counterclaim in this lawsuit, Nerds/California requests the Court declare the geographic scope of the trademark rights of the parties and order, under 15 U.S.C. section 1119, that the United States Patent and Trademark Office issue the applied-for concurrent use registration to Nerds/California.

**III. Pretrial Pleadings and Disclosures**

    A.    The Parties do not agree to waive the initial disclosures. The Parties shall serve their initial disclosures under Fed. R. Civ. P. 26 **no later than July 27, 2008.**

    B.    Plaintiff shall file preliminary witness and exhibit lists **no later than July 27, 2008.**

    C.    Defendants shall file preliminary witness and exhibit lists **no later August 27, 2008.**

    D.    All motions for leave to amend the pleadings and /or to join additional parties shall be **no later than July 27, 2008.**

    E.    Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand **no later August 27, 2008.** Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

    F.    Plaintiff shall disclose the name, address and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) **no later than February 27, 2009.** However, if Plaintiff uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

    G.    Defendants shall disclose the name, address and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days after Plaintiff serves its expert witness disclosure; or if none, Defendants shall make its expert disclosure **no later than April 27, 2009**. However, if expert witness testimony at the summary judgment stage, such disclosures must be made no later than 30 days prior to the summary judgment deadline. Any party responding to a motion for summary must disclose any responsive experts on the date summary judgment motions are due.

    H.    Any party who wishes to limit or preclude ex pert testimony at trial shall file any such objections no later than sixty (60) days before trial. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

    I.    The Parties shall file and serve their final witness and exhibit lists **no later than July 27. 2009.**

    J.    Any party who believes that bifurcation of discovery and / or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

**IV.** **Discovery and Dispositive Motions**

   A.   Plaintiff's position: Summary judgment in favor of Nerds/Indiana is proper in this case because there is no genuine issue as to law or fact regarding Nerds/California's unauthorized and infringing use of the mark NERDS ON CALL and / or Nerds/Indiana's priority rights and first use of the mark NERDS ON CALL.

   B.   Defendants' position: The action should be dismissed in its entirety because this Court may not properly assert personal jurisdiction over Nerds/California. Assuming jurisdiction is proper, summary judgment for Nerds/California is appropriate because there is no genuine issue of fact to controvert the finding that the trademark rights established by Nerds/Indiana in NERDS ON CALL do not extend to Northern California where Nerds/California uses its mark.

   C.   Select the track that best suits this case:

   __X__ Track 2:   Dispositive motions are expected and shall be filed **no later February 27, 2009**; non-expert witness discovery and discovery relating to liability issues shall be completed **no later than December 27, 2008;** expert witness discovery and discovery relating to damages shall be completed **no later than May 27, 2009.**

**V.** **Pre-Trial/Settlement Conferences**

Nerds/Indiana believes a settlement conference near the end of the liability discovery deadline, but prior to the dispositive motion deadline, may be productive. Nerds/California believes a settlement conference may be productive after it files its motion for summary judgment but before that motion is decided.

**VI.** **Trial Date**

The presumptive trial date is November 27, 2009, which is eighteen (18) months the date of the Court's Entry of Ruling on Defendants' Motion to Dismiss. The trial is to be by jury and is anticipated to take approximately 5 days.

**VII.** **Referral to Magistrate Judge**

At this time, the parties do not consent to refer this matter to the Magistrate Judge.

**VIII.** **Required Pre-Trial Preparation**

   A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE**, the Parties shall:

   1.   File a list of witnesses that the Parties expect to testify at trial.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest ex tent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either: a) brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or b) if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE**, the Parties shall:

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court

6

> in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to videotaped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

None at this time.

Respectfully submitted,

DATED: July 1, 2008  SOVICH MINCH, LLP

By: /s/ *THEODORE J. MINCH*
Theodore J. Minch
Attorneys for Nerds On Call, Inc.
SOVICH MINCH, LLP
10099 Chesapeake Drive, Suite 100
McCordsville, Indian a 46055
Telephone: 317.335.3601
Facsimile: 317.335.3602
e-mail: tjminch@sovichminch.com


DATED: July 1, 2008  SEQUOIA COUNSEL PC

By: /s/ *DANIEL N. BALLARD*
Daniel N. Ballard
Attorneys for Nerds On Call, Inc. and Ryan Eldridge
SEQUOIA COUNSEL PC
Sequoia Counsel PC
770 L St., Suite 950
Sacramento, CA 95814
Telephone: 916.449.3950
Facsimile: 916.200.0601
e-mail: dballard@sequoiacounsel.com

*************************************************************************

_____        PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE.

_____        APPROVED AS SUBMITTED.

_____        APPROVED AS AMENDED.

_____        APPROVED AS AMENDED PER SEPARATE ORDER.

_____        APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____        APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____        THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____  .M., ROOM _____.

_____        A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM _____; OR

_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____.

_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_\_) _____.

_____        DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____.

_____

_____

_____

_____

_____

_____

_____

_____

_____        _____
Date                                 U. S. District Court
                                     Southern District of Indiana

Form Approved
December 2004