## ANSWERS TO COMMONLY ASKED QUESTIONS
## REGARDING PRACTICES AND PROCEDURES FOR
## CHIEF JUDGE DAVID F. HAMILTON

by
Charles E. Bruess, Courtroom Deputy

### COURTESY COPY OF FILINGS IN EXCESS OF 75 PAGES

When an individual filing is in excess of 75 pages, Judge Hamilton prefers a paper courtesy copy after the document has been electronically filed, if this can be accomplished easily and efficiently. These copies should be delivered to the courtroom deputy at Room 105, Birch Bayh U.S. Courthouse. Please do not deliver them to Judge Hamilton's chambers. Since these documents have already been electronically filed, the clerk should not file-stamp paper courtesy copies. Counsel should expect to receive an e-mail or telephone call from the court confirming this request once a document in excess of 75 pages is electronically filed.

All courtesy copies should be clearly identified (using numbered or lettered tabs, or cover pages for exhibits, etc.). The front page of the submission should reflect the corresponding docket entry number from the original electronic filing.

### SUMMARY JUDGMENT MOTIONS

If a party plans to file a motion for summary judgment, counsel for that party shall contact counsel for the other parties to the action to determine if any other party also plans to file a motion for summary judgment. In the event that more than one party plans to file a motion for summary judgment, Judge Hamilton prefers to avoid simultaneous briefs on "mirror image" motions. Rather than the normal brief, response and reply for each motion, he prefers four briefs as follows on cross motions for summary judgment:

1. <u>Motion</u> and <u>Brief in Support</u> by Party A;

2. <u>Cross-Motion</u>, <u>Brief in Support</u> *and* <u>Response in Opposition</u> by Party B;

3. <u>Reply in Support of Motion</u> *and* <u>Response in Opposition to Cross-Motion</u> by Party A;

4. <u>Reply in Support of Cross-Motion</u> by Party B.

Revised 10.16.2007

# PRE-TRIAL PROCEDURES

## JURY INSTRUCTIONS

1. File and serve proposed jury instructions pursuant to the pretrial orders. Before submitting instructions, counsel may contact the courtroom deputy to identify recent instructions from similar cases so that counsel may focus on the substantive instructions.

2. In civil cases, please tender proposed instructions electronically. Jury instructions in criminal cases are still filed in paper form with the court.

3. Each tendered instruction must include a citation to the authority on which counsel rely.

## AGENDA FOR FINAL PRETRIAL CONFERENCE

1. Review of witness lists to determine who will testify and subjects of their testimony.

2. Review of exhibit lists and discussion of authenticity, admissibility and objections. Bring one copy of proposed exhibits to conference.

3. Motions in limine.

4. Status of settlement.

5. Length of voir dire, opening statements and closing arguments.

## TRIAL PRACTICES AND PROCEDURES

Lawyers preparing for trials before Judge David F. Hamilton have contacted the courtroom deputy to ascertain not only Judge Hamilton's trial practices and procedures, but to inquire about effective trial techniques before juries. The answers to these inquiries have been compiled to provide guidance for lawyers scheduled to appear before Judge Hamilton. However, each case is unique. Thus, even though the information being provided is based upon actual experiences from past trials and is intended to describe what typically happens, a particular trial may dictate a different result or action by Judge Hamilton.

**GENERAL MATTERS**

1. Attorneys are expected to be fully familiar with the Local Rules of the United States District Court for the Southern District of Indiana. A copy of the Local Rules can be obtained either from the Clerk's Office or on the Internet at www.insd.uscourts.gov.

2. Counsel should stand when speaking for the record and when addressing the court. Use the lectern except for brief objections during testimony.

3. Colloquy or argument directly between attorneys is not permitted. All remarks should be addressed to the court.

4. Colloquy between co-counsel or between counsel and parties when opposing counsel is questioning or arguing is inappropriate if it is distracting to others.

5. Do not exhibit familiarity with witnesses, jurors or opposing counsel. The use of first names is discouraged. During argument to the jury, no juror should be addressed individually or by name.

6. No person in the courtroom should ever exhibit, by facial expression, bodily movement, or other conduct, any opinion (e.g., surprise, happiness, disbelief or displeasure) concerning any testimony, attorney argument, or any particular ruling by the court. Such conduct has resulted in a rebuke from the court. Counsel should admonish their clients and witnesses to avoid such behavior. Visitors who cannot abide by this requirement will be asked to leave the courtroom.

7. Do not ask the reporter to mark testimony. All requests for re-reading of questions or answers should be addressed to the court.

8. After trial has begun, documents should be tendered to the courtroom deputy for filing, rather than to the Clerk's Office, if they are not being filed electronically.

9. Lawyers are encouraged to observe a trial in Judge Hamilton's court before participating in a trial of their own. Dates for other trials can be obtained from the courtroom deputy at 317-229-3724.

# COURT HOURS AND PROMPTNESS

1.  The usual trial schedule begins at 9:00 a.m. and continues after a convenient midmorning break (of approximately ten minutes) until around noon. Lunch is usually one hour, but has been less. After the lunch break, the afternoon session normally continues until 5:00 with two mid afternoon recesses of approximately ten minutes each. Times to recess and adjourn may vary slightly, to permit the conclusion of a witness's testimony, to allow counsel to finish with direct or cross-examination, or if the court must attend to other business.

2.  The court makes every effort to commence proceedings at the time set. Promptness is expected from counsel and witnesses. Counsel should be in the courtroom at least 15 minutes prior to the start of each day's proceedings as the court may want to meet with counsel. Never be late. (Note: The court has resumed a jury trial after a break, even though parties failed to return within the prescribed time.) The courtroom deputy should be informed of any anticipated scheduling problems, and the court will attempt to work with counsel to resolve them.

3.  If a witness was on the stand at a recess or adjournment, that witness should be on the stand ready to proceed when court is resumed.

4.  If the conclusion of a witness's testimony is followed by a recess or adjournment, the next witness should be ready to take the stand when the trial resumes.

5.  If a witness's testimony is expected to be brief, have the next witness immediately available, ordinarily in the witness room.

6.  Do not run out of witnesses. If there is a substantial delay between witnesses, the court may deem that you have rested.

7.  The court attempts to cooperate with the schedules of doctors and other non-party professional witnesses and will consider permitting them to testify out of sequence. Anticipate any such possibility and discuss it with opposing counsel and advise the courtroom deputy. If there is an objection, advise the courtroom deputy in advance.

# THE COURTROOM

1. For scheduled hearings or trials, the courtroom will be opened at least one-half hour before the scheduled start time and attorneys, parties and witnesses are free to arrive early and remain in the courtroom before the hearing or trial begins. Upon request, the courtroom can be made available earlier, if needed.

2. Attorneys, parties and witnesses for hearings or trials should check in with the courtroom deputy in the courtroom, not chambers, prior to the start of the proceeding.

3. An easel, paper tablet for the easel, a dry erase board and markers are available. Attorneys who plan to use them should make arrangements with the courtroom deputy before trial begins. Counsel should expect to bring with them any other equipment, such as overhead projectors, screens, and other easels which they expect to use to display exhibits.

4. The courtroom is equipped with a digital Video Evidence Presentation System (VEPS) for use by attorneys during courtroom proceedings. The system displays images from one of several sources (document camera, VCR, attorney-provided laptop computer) simultaneously on computer monitors located throughout the courtroom including the jury box. A document camera for displaying most flat materials (paper documents, photos, small objects, etc.) and VCR for playing standard VHS or S-VHS videotapes are installed on a small table. Laptop computers may be connected at the attorney tables to display PowerPoint presentations or similar materials. Video sources may be switched as needed by attorneys or court staff using a wireless touch-screen remote control. Audio sources (from VCR, computer, or audio cassette player) are also controlled through the VEPS, and connected to the courtroom sound system. Attorneys should schedule a brief VEPS training session with the courtroom deputy before any courtroom proceeding to be sure the source materials can be displayed effectively, and to familiarize themselves with the VEPS controls and operations. It is extremely important to test laptop computers in advance to avoid problems with hardware incompatibilities on the VEPS system and to test videotapes. A VEPS user guide is available at http://www.insd.uscourts.gov.

5. There is one witness room at the back of the courtroom, Room 346, which is open and available during trial. Witnesses should generally be asked to report to Room 346.

6. The facilities of the chambers, including the telephones and the copier, are not available to counsel during trial. Counsel should enter chambers and the jury room only by invitation of the court staff.

7. Cellular phones and beepers may be used outside the courtroom but must be turned off in court.

8. Unless otherwise directed, tables in the well area are not assigned by party in civil cases. The first party to arrive on the first morning of the trial has first choice. Parties are, of course, permitted to agree between themselves.

9. The courtroom will not be locked during the noon recess (unless by agreement of all parties) and court staff will not be present to watch any materials left in the courtroom.

10. The courtroom will be locked overnight.

11. The lectern contains a battery powered microphone. To activate the microphone, the "on" switch located on the power box located on the shelf must be placed in the "on" position.

12. Food and drinks are not allowed in the courtroom, except for bottled water.

13. A pitcher of water and cups will be made available for each table.

## THE VENIRE AND VOIR DIRE

1. A list of the venire, copies of questionnaires which the venire has completed and a seating chart will be available after 12:00 noon the day before trial, unless trial begins on a Monday. In this instance, these items will be available after 12:00 noon the Friday before. As soon as the jury has been chosen, the questionnaires must be returned to the courtroom deputy.

2. In civil cases, seven prospective jurors will be seated in chairs in front of the jury box and fourteen prospective jurors will be seated in the jury box based on their order of draw number. The prospective juror with the lowest order of draw number will be seated in the first row of the chairs, closest to the bench; the prospective juror with the eighth lowest order of draw number will be seated in the first row of the jury box in the seat closest to the bench. The prospective juror with the fifteenth lowest order of draw number will be seated in the top row of the jury box in the

seat closest to the bench. The remainder of the venire beyond the first twenty-one will be seated in the first row(s) of pews in the gallery based on their order of draw. In the event the first twenty-one prospective jurors expected to appear do not appear, those seats in the jury box may be filled by prospective jurors with the highest order of draw numbers. In civil cases, voir dire ordinarily will be conducted of all prospective jurors at the same time.

3. In criminal cases, voir dire will be conducted separately for groups not exceeding twenty-one in number, who will be seated as discussed in Paragraph 2.

4. The court will conduct most voir dire. After the court concludes its voir dire, counsel will have a brief opportunity to question the panel. Counsel conducting voir dire should do so standing at the lectern.

5. Pursuant to the court's scheduling orders, counsel may submit before trial any questions they would like the court to ask.

6. Examples of inappropriate voir dire:

   (a) Argument.
   (b) Asking jurors if they will be able to enter a verdict of so many dollars.

7. After questioning of the entire panel has been completed, the court will generally take a recess and then convene with only counsel and the parties to address challenges for cause and peremptory challenges.

8. In civil cases, each side will be entitled to a minimum of three peremptory challenges. When all challenges have been completed and there remain more prospective jurors than required, the appropriate number of prospective jurors will be those with the lowest order of draw numbers.

9. In criminal cases, the Government will be entitled to six peremptory challenges; the defense will be entitled to ten peremptory challenges, plus any additional challenges for alternate jurors pursuant to Fed. R. Crim. P. 24.

10. All peremptory challenges will be exercised simultaneously and in writing. In some cases, the court has allowed each side to hold back one challenge to be exercised after the first round. (In

criminal cases, however, peremptory challenges to alternate jurors will be exercised separately, after the twelve jurors are selected.)

11. In civil cases, the court ordinarily seats a jury of eight or nine members. However, in certain cases, based on the expected length of the trial, additional jurors may be seated. There are no alternate jurors in civil cases; all jurors selected will participate in deliberations.

## JURORS

1. Jurors are permitted to take notes in notebooks and in exhibit books. Their notebooks and exhibit books accompany them during their deliberations.

2. Jurors expect counsel to look at the witness to whom a question is directed and not to look at the jurors.

3. Jurors do not appreciate counsel staring at them during the actual trial.

## OPENING STATEMENTS AND CLOSING ARGUMENTS

1. Counsel should stand at the lectern during the opening statement and closing argument.

2. The court will honor counsel's reasonable requests concerning the amount of time for opening statements and closing arguments. These limits will ordinarily be set in the final pretrial conference.

3. When the court says "two minutes remain" for your opening statement or closing argument to the jury, that means your time has actually ended, so conclude as soon as possible or you will be cut off.

4. During the argument of opposing counsel, remain seated at the counsel table and be respectful. Never divert the attention of the court or the jury. Counsel should so instruct their clients and witnesses.

5. If you intend to use an exhibit as to which admissibility has not been stipulated during opening statement, raise the matter in advance with the court and opposing counsel.

6. Confine opening statements to what you expect the evidence to show. It is not proper to use the opening statement to argue the

case, to instruct as to the law, or to express counsel's personal opinion.

7. If plaintiff is going to suggest a damages number to the jury, that number must be stated in the opening segment of plaintiff's closing argument so defendant has an opportunity to respond.

8. Although plaintiff is permitted to open and close final arguments, the large majority of the time must be spent in the opening portion.

9. Jurors' comments after trials have indicated that they resent long closing arguments. Be brief.

## **EXHIBITS**

1. Exhibits should be marked for identification before trial and a descriptive list provided to the court and the court reporter.

2. All exhibits should be identified by number only (and not as "Plaintiff's Exhibit 1," for example.) Counsel shall confer and agree from the commencement of discovery on a numbering system that will avoid confusion and duplication. It is recommended that the parties utilize a numbering system in which the first deposition exhibit is marked No. 1 and so on up to No. 8, for example, for the last one. The first exhibit in the second deposition should be marked No. 9 and so on. Thus, for example, the employment contract would be the same exhibit with the same number for all depositions. Then, the same exhibit numbers would be used for trial purposes. Numbers for trial exhibits need not be consecutive.

3. Unless the introduction of exhibits is governed by stipulations, exhibits should be offered into evidence when they become admissible, rather than at the end of a witness's testimony or counsel's case.

4. The court expects counsel to prepare sufficient copies of documentary exhibits for each juror, the court, the witness stand, and opposing counsel. If more than a few documents are involved, the court strongly urges that exhibit notebooks with tabs be prepared for each juror, the court, the witness stand, and opposing counsel. This practice might not be necessary when there are many exhibits, some exhibits are too bulky or if there are other reasons not to use individual copies. This subject will be discussed at the final pretrial conference.

5. During the trial, exhibits admitted into evidence are kept on the table in front of the jury box or at the witness stand if exhibits are contained in a notebook or notebooks. Each attorney is responsible for exhibits taken from the table or the witness stand. At each recess or adjournment, return all exhibits to the table or witness stand. Exhibits which have been offered but not admitted are also part of the record of the case and are kept by the courtroom deputy.

6. Each counsel shall keep a list of admitted exhibits. Counsel and the courtroom deputy shall confer at the close of the evidence to ensure that only admitted exhibits are sent to the jury. Controlled substances, currency, firearms, or other dangerous materials are generally not sent to the jury; attorneys are asked to substitute photographs.

7. If an exhibit must be marked for identification in open court, counsel should state for the record what they are doing and describe briefly the nature of the exhibit. Counsel should not expect the court to provide exhibit labels.

8. Ordinarily, exhibits admitted into evidence may be displayed to the jury at the time of admission or in conjunction with other exhibits at the conclusion of the witness's examination by the "offering" counsel, but permission of the court should be sought before doing so.

9. When counsel or witnesses refer to an exhibit, the exhibit *number* should also be used so that the record is clear.

10. Where maps, diagrams, pictures or similar materials are being used as exhibits, and locations or features on such documents are being pointed out by witnesses or counsel, such locations should be indicated by appropriate markings on the documents if they are not readily apparent from the exhibits themselves. Unnecessary markings should be avoided. Marking on exhibits should be made only after considering the views of opposing counsel and only after receiving the court's permission. Counsel should then describe the markings for the record. Exhibits with overlays or with moveable parts have been very useful.

11. Where counsel expect to offer answers to interrogatories or requests for admissions extracted from several separate documents, prepare copies of the individual materials rather than perusing files while the court and the jury wait for counsel to locate the particular items. The copies should only be the

particular interrogatory or request to admit together with the caption and signature page. These materials should ordinarily be the subject of stipulations and should be addressed at the final pretrial conference.

12. All exhibits other than those on 8 ½" x 11" or 11" x 14" paper will be returned to the parties at the end of the proceeding unless the court specifies otherwise. Parties will be responsible for delivering them to the Court of Appeals if and when necessary.

13. For all documents not already in notebooks, but which may be admitted into evidence, have the appropriate number of copies available on three-hole punched paper, so that if admitted, the exhibits may be distributed to the jury, the court, opposing counsel and the courtroom deputy for inclusion in the notebook or notebooks kept at the witness stand.

14. Each page of each exhibit should have an identifying number.

15. If deposition exhibits will be referred to at trial, either during impeachment or from reading a transcript or showing a video, and the numbering thereof is not consistent with the numbering system used at trial, a stipulation containing a cross-reference to trial exhibit numbers and any deposition exhibits to which reference may be made at trial should be utilized.

16. If over-sized exhibits or models are to be used, counsel need to make arrangements with the courtroom deputy at least two weeks before start of trial.

17. Be sure there is a proper line of sight for the jury, court, witness and counsel when using easels, over-sized exhibits and models.

### STIPULATIONS

1. Stipulations concerning exhibit admissibility and authenticity, as well as stipulations of fact, are not only encouraged, but expected. This applies to both civil and criminal cases. (Jurors and the court have become impatient with testimony laying foundations for exhibits whose admission into evidence is not actually opposed.)

2. The preferred exhibit stipulation for jury trials is that exhibits are admissible and may be used at any place in the trial; only exhibits mentioned during questioning of a witness in open court will be considered as having been admitted into evidence.

3. The preferred exhibit stipulation for court trials is that exhibits are admissible and may be used at any place in the trial; only exhibits mentioned during the trial will be considered as having been admitted into evidence.

## DEPOSITIONS

1. Pretrial orders in civil cases will ordinarily require advance designation of depositions or deposition excerpts to be offered at trial. This matter will ordinarily be addressed in the final pretrial conference.

2. Where a deposition is to be read for impeachment purposes, the relevant excerpts must be identified orally for the record by line and page reference. Before using portions of depositions for impeachment, counsel should ordinarily allow the witness to read them after the identification has been made for the record. A deposition used for impeachment need not be filed or marked as an exhibit.

3. Confer with opposing counsel to edit depositions to be used as evidence at trial, and remove unnecessary material. This also applies to videotape depositions.

4. If a deposition is to be read at trial, those portions to be read shall be marked on the original transcript and the original transcript shall be marked as an exhibit and offered as an exhibit at trial. However, the exhibit shall not be included with the exhibits provided to the jury for its deliberations.

5. If a videotaped deposition is to be shown at trial, both the videotape and the original transcript of the deposition (with the portions to be shown marked) shall be marked and offered as exhibits, but shall not be included with the exhibits provided to the jury for its deliberations.

6. If a deposition is to be read at trial other than for impeachment, the party seeking to use the deposition shall place a person in the witness box. Counsel seeking to use the deposition shall read the selected questions, and the witness in the box shall read the answers of the deposed witness to those questions.

7. If a deposition is to be used at trial other than for impeachment and objections were made at the deposition, counsel should confer before the final pretrial conference, and any disputed issues will be addressed at the final pretrial conference.

8. Summaries of deposition transcripts are acceptable only by stipulation.

## EXAMINATION OF WITNESSES

1. Witnesses should be treated with appropriate fairness and consideration. They should not be shouted at, ridiculed, or otherwise abused.

2. Counsel should conduct examination of witnesses from the lectern.

3. Counsel should avoid questions that:

    a. begin with "It is my understanding that . . .," or "Do I understand correctly that . . . ";

    b. recapitulate the witness's testimony;

    c. ask a witness for a "best guess" or other obvious speculation;

    d. are argumentative;

    e. contain preparatory remarks, such as summarizing what was stated in opening statements, what other witnesses have said, or what is contained in exhibits;

    f. ask, "Is it fair to say?";

    g. ask if the witness agrees with counsel, with some other testimony, or to some fact stated by counsel; and

    h. are negative such as, "Did you not receive a high school degree?" or "You didn't see the accident?"

4. Avoid responding to answers with editorial comments of approval or disapproval. Such responses are likely to draw a quick rebuke without a private warning.

5. When the purpose of approaching the witness is to work with an exhibit, prior permission of the court need not be sought. During a jury trial, the witness and the exhibit (if enlarged) should be facing the jury so that you can be seen and heard. Counsel should resume the examination of the witness from the lectern when finished with the exhibit.

6. Have all witnesses spell their names on the record.

7. The court may allow jurors to submit questions. If so, jurors will prepare written questions. The court will review the questions and ask counsel for objections outside the hearing of the jury. The court will then ask the permitted questions and counsel will be allowed to ask additional questions of the witness based on the answers to the jurors' questions. The identity of the juror asking a particular question will not be disclosed.

## EXPERTS

Counsel may establish qualifications; the court will not declare a witness to be "an expert."

## OBJECTIONS TO QUESTIONS

1. Stand when making objections. This calls the court's attention to you and allows you to be heard more readily.

2. When making an objection, state only that you are objecting and specify the ground(s) for that objection.

3. Do not use objections for the purpose of making a speech, recapitulating testimony or attempting to guide the witness.

4. Unless the proper ruling is obvious, the court will ordinarily ask for a brief response from opposing counsel. Further argument upon the objection will not be heard until permission is given or argument is requested by the court.

5. Where more than one attorney appears for a given party, the attorney who handles the direct examination of a witness shall also interpose objections when the witness is being examined by other counsel. The attorney who will cross-examine a witness shall interpose any objections during direct testimony.

## DIFFICULT QUESTIONS – ADVANCE NOTICE

If counsel have reason to anticipate that any question of law or evidence is not routine, will provoke an extensive argument, or will require a proffer outside the presence of the jury, counsel should confer and attempt to resolve the matter. If agreement is not possible, give advance notice to the court to allow for appropriate scheduling arrangements to be made.

## FINAL JURY INSTRUCTIONS CONFERENCE

1. The court will convene an instructions conference at an appropriate time, generally near the conclusion of all the evidence. The conference will be held at the end of a day or early in the morning or at the conclusion of all testimony, depending on the circumstances of the particular case. The court will provide a draft to counsel and the conference will be held on the record to discuss objections.

2. All but a few final instructions will be given in advance of closing arguments, so counsel can, if they wish, incorporate the instructions into their closing arguments.

3. All jurors are given a copy of the final instructions so they can follow along while the court reads the instructions. Jurors will be permitted to take the instructions with them for their deliberations.

## COURT REPORTER

1. Parties desiring daily transcript of testimony or real time must make their own arrangements, at least two weeks in advance of the start of the trial, directly with the court reporter, Fred Pratt (317-916-8209).

2. Parties desiring a transcript of court proceedings must make their own arrangements with the court reporter, Fred Pratt, at 317-916-8209.

3. At least two weeks before trial, provide the court reporter with the following:

    a. a list of terms, technical terminology, proper names, acronyms, and case citations that would not be found in a generic spell check;

    b. a witness list; and

    c. an exhibit list.