UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NERDS ON CALL, INC. (INDIANA),<br><br>    Plaintiff,<br><br>vs.<br><br>NERDS ON CALL, INC. (CALIFORNIA)<br>and RYAN ELDRIDGE,<br><br>    Defendants. | Case No.: 1:07-cv-0535-DFH-TAB |

**JOINT MOTION TO AMEND THE
CASE MANAGEMENT PLAN**

Plaintiff Nerds On Call, Inc. ("Nerds/Indiana") and Defendants Nerds On Call, Inc. and Ryan Eldridge (cumulatively "Nerds/California") jointly request that the Court modify its Case Management Plan. This is the first such request.

The Court has not yet ruled on Nerds/California's Motion to Reconsider the denial of Nerds/California's Motion to Dismiss [Dkt.'s 52 and 59]. Pursuant to the existing Case Management Plan the parties have, in the meantime, exchanged written discovery and have agreed to certain Undisputed Facts but, in the interests of costs and expenses savings, have hesitated investing significant further resources into this action while the Motion for Reconsideration is pending. The parties, therefore, request that the Case Management Plan be amended as further described.

**ARGUMENT**

I.    Procedural Background

Nerds/Indiana filed the instant lawsuit on April 27, 2007 and effected service on August

1

Dockets.Justia.com

21, 2007 [Dkt.'s 1 and 8].   On October 15, 2007 Nerds/California moved to dismiss the action for lack of personal jurisdiction [Dkt. 15].   The Initial Pretrial Conference was held on November 29, 2007 and Nerds/California answered the complaint and counterclaimed on December 19, 2007 [Dkt.'s 30 and 32].

The Court denied the Motion to Dismiss on May 27, 2008 [Dkt. 47].   A Telephonic Status Conference was held on June 24, 2008 [Dkt. 54].  The parties did not settle their dispute during the Conference and all subsequent efforts have been, to date, unsuccessful.

Nerds/California sought reconsideration of the denial of its Motion to Dismiss on June 24, 2008 [Dkt. 52].  On July 25, 2008 the Court noted it was giving the reconsideration motion "serious consideration" [Dkt. 59].   All briefing on the motion is complete [Dkt.'s 52, 53, 64, 65].

II.      Applicable Law

Courts have the inherent authority to modify their interlocutory orders.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).  In addition, Rule 16(b)(4) of the Federal Rules of Civil Procedure specifically permits Courts to modify Scheduling Orders on a showing of good cause.  This Court has adopted a broader Local Rule that permits modifications of its Scheduling Orders "by agreement of the parties and the Court, or for good cause shown." S.D.Ind.L.R 16-1(d).

III.     Good Cause Exists

The Court has not yet determined whether it may properly assert personal jurisdiction over Nerds/California in this case.

The ruling on Nerds California's Motion will likely either (1) dismiss the action, (2) transfer it to the Eastern District of California, (3) certify the denial of the Motion to Dismiss for interlocutory appeal (the alternative relief requested), or (4) deny reconsideration and order the

case to proceed.

As ordered by the Court, the parties submitted a proposed Case Management Plan on July 1, 2008—which was amended and approved by the Court the following day [Dkt.'s 54 - 56]. Pursuant to that Plan, the parties have exchanged written discovery and have amicably resolved certain questions and issues relating to those discovery requests. In addition, the parties have stipulated in writing as to numerous facts relevant to potential resolution of this dispute via dispositive motion or which will, in the end, streamline the trial in this case, if necessary. The parties are reluctant, however, to expend further scarce resources in document production, experts, travel expenses, deposition practice, and attorney fees until the personal jurisdiction issue is resolved.

A *three month* extension of certain deadlines in the Case Management Plan should provide the time necessary to resolve that issue.

IV.     Proposed Modifications

The parties propose the following modifications to the Case Management Plan [Dkt. 56].

1.      Paragraph III(F):  amend the date to no later than **May 27, 2009.**

2.      Paragraph III(G):  amend the date to no later than **July 27, 2009.**

3.      Paragraph III(I):   amend the date to no later than **October 27. 2009.**

4.      Paragraph IV(c):   Dispositive motions are expected and shall be filed no later than **May 27, 2009**; non-expert witness discovery and discovery relating to liability issues shall be completed no later than **March 27, 2009;** expert witness discovery and  discovery relating to damages shall be completed no later than **August 27, 2009.**

No other modifications are being sought or are necessary. A Proposed Order is attached.

**Conclusion**

To provide temporary relief from the expense of further litigation while the Court

considers Nerds/California's Motion to Reconsider, the parties respectfully request the specified modifications to the Case Management Plan.

Respectfully submitted,

DATED:  December 18, 2008          SEQUOIA COUNSEL PC

By:____/s/ DANIEL N. BALLARD_____
    Daniel N. Ballard
    Attorneys for Nerds On Call, Inc. and Ryan Eldridge
    SEQUOIA COUNSEL PC
    Sequoia Counsel PC
    770 L St., Suite 950
    Sacramento, CA 95814
    Telephone: 916.449.3950
    Facsimile: 916.200.0601
    e-mail:  dballard@sequoiacounsel.com

DATED:  December 18, 2008          SOVICH MINCH, LLP

By:____/s/ THEODORE J. MINCH_  (consent granted on 12/18/08)
    Theodore J. Minch
    Attorneys for Nerds On Call, Inc.
    SOVICH MINCH, LLP
    10099 Chesapeake Drive, Suite 100
    McCordsville, Indian a 46055
    Telephone:  317.335.3601
    Facsimile:  317.335.3602
    e-mail: tjminch@sovichminch.com