UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NERDS ON CALL, INC. (INDIANA),<br><br>                    Plaintiff,<br><br>vs.<br><br>NERDS ON CALL, INC. (CALIFORNIA)<br>and RYAN ELDRIDGE,<br><br>                    Defendants. | Case No.: 1:07-cv-0535-DFH-TAB |

**MEMORANDUM IN SUPPORT OF
MOTION TO CONVERT THE PENDING
MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT**

Currently before the Court is Defendants Nerds On Call, Inc. and Ryan Eldridge's (cumulatively "Nerds/California") Motion to Reconsider the denial of their Motion to Dismiss for lack of personal jurisdiction. All briefing is complete. Dkt.'s 52, 53, 64, and 65.

Subsequent to filing these briefs, the Parties stipulated to a number of Undisputed Facts. The instant Motion to Convert requests that the Court apply these Undisputed Facts when determining whether to assert personal jurisdiction over Nerds/California and, in so doing, convert the underlying Motion to Dismiss into a Motion for Summary Judgment.[1]

**ARGUMENT**

Instead of simply assuming as true the facts that Nerds/Indiana plead in its complaint—as the Motion to Dismiss standard requires—by applying the Undisputed Facts the Court may address early in this case the *merits* of Nerds/California's personal jurisdiction challenge. As the Court knows, its power to compel an out-of-state defendant to appear in this Court must be

---

[1] Counsel for Plaintiff Nerds On Call, Inc. ("Nerds/Indiana") and Nerds/California discussed this Motion to Convert through correspondence dated 11/29/08 and 12/03/08. Nerds /Indiana declined to join in the Motion or to stipulate to the requested conversion.

1

wielded with care. Now that Undisputed Facts available, it is imprudent to evaluate jurisdiction based on facts plead only under the Rule 8 notice and Rule 11 good faith pleading standards.

I. <u>Applicable Law</u>

A. Procedural matters

The purpose of this Motion is to present—without argument—certain Undisputed Facts that bear directly on whether the Court may assert personal jurisdiction over Nerds/California. The Federal Rules do not contemplate, however, converting a Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction into a Rule 56 Motion for Summary Judgment.[2] Nonetheless, Rule 1 of the Federal Rules demands that all the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. Rule Civ. Proc. 1.

To that end, Nerds/California requests that the Court consider the underlying dismissal motion a Rule 12(c) Motion for Judgment on the Pleadings, which can then be converted into a Rule 56 Motion for Summary Judgment. See Fed. Rule Civ. Proc. 12(c). As the Court is aware, Rule 12(b)(2) Motions to Dismiss and Rule 12(c) Motions for Judgment on the Pleadings are functionally identical—the only difference being that the latter is the label that applies once all the pleadings have been filed, <u>as in this case</u>. Dkt.'s 1, 32, 45; *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452-53 (7th Cir.1998) (motions for judgment on the pleadings and to dismiss governed by the same standard).

This procedural two-step, while awkward, is merely a semantic exercise that results in the Court having before it Undisputed Facts useful to resolve whether it may properly assert personal jurisdiction over Nerds/California. The requested conversion is but a small step, in any event, because Nerds/Indiana has <u>already</u> introduced facts (and even opinions) outside the pleadings via

---

[2] See Fed. Rule Civ. Proc. 12(b) (discussing only the conversion of a Rule 12(b)(6) Motion to Dismiss for failure to state a claim into a Rule 56 Motion for Summary Judgment).

2

declarations from its owner and counsel [Dkt. 35], it did <u>not</u> object to Nerds/California's introduction of facts via a declaration from its owner [Dkt. 35 – no objections filed], and it has stipulated to numerous Undisputed Facts [see Undisputed Facts attached hereto as **Exhibit A**]. Whatever procedural prejudice that conversion may inflict upon Nerds/Indiana can be cured by permitting it—as Rule 12(c) requires—a reasonable opportunity to present material in response. Conversion also precludes the inevitable delay that will result if the Court were to grant the Motion to Dismiss and also provide Nerds/Indiana with the opportunity to amend its complaint to plead additional facts—facts that can be, if they are not already Undisputed, presented in its response to conversion.

B.  Substantive matters

The Court is grappling with a difficult question, namely:  May the Court assert personal jurisdiction over an alleged trademark infringer based solely on the allegation that the infringement caused an "effect" in the Southern District of Indiana?[3]

Trademark owners nationwide need to know and understand the conduct that will subject them to the jurisdiction of this Court—not simply what *allegations* suffice (even vague allegations satisfy Rules 8 and 11), but what *conduct* suffices under due process that will obligate them to litigate in this Court.  Converting the Motion to Dismiss into a Motion for Summary Judgment and resolving it on Undisputed Facts will provide meaningful guidance to the marketplace that cannot be provided by a decision on a Motion to Dismiss.

II.  <u>Nerds/Indiana's Interests Are Protected</u>

The Parties stipulated that the Undisputed Facts may be used to resolve any dispositive motion.  See Exhibit A.   Any Undisputed Facts relied upon by the Court are deemed admitted

---

[3] While this Court recently issued a decision applying the *Calder* "effects test" in a copyright case (*Novelty, Inc. v. RCB Distributing, Inc.,* 2008 WL 2705532 (S.D.Ind., 2008)), applying that test in a trademark case raises different concerns—as Nerds/California has discussed in previous briefs.

3

for all purposes. *Id.* There is no dispute as to the law that will apply to those facts—the summary judgment rules being long held and well understood.

Specifically, summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment must show the absence of a genuine issue of material fact. *Id.* at 256-57.

To defeat a summary judgment motion, the non-moving party "may not rest upon mere allegations or denials of his pleadings, but ... must set forth specific facts that show there is a genuine issue for trial." Fed. Rule Civ. Proc. 56(e); *Anderson*, 477 U.S. at 248. Mere allegations are not "specific facts" of the type sufficient to defeat summary judgment. Fed. R. Civ. P. 56(e); *Anderson* at 249-251; *First Commodity Traders, Inc. v. Heingold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985) (conclusory affidavits will not raise genuine issue of material fact).

Should the Court convert the Motion to Dismiss into a Motion for Summary Judgment, Nerds/Indiana is due an opportunity to present material in response. Fed. Rule Civ. Proc. 12(c). It has already marshaled such material via declarations from its owner and counsel, Undisputed Facts, and its responses to Interrogatories, Requests for Admissions, and Document Requests—it need only submit the material that it believes relevant to the personal jurisdiction inquiry.

III. Proposed Plan

Nerds/California proposes that the Court issue a Minute Order providing Nerds/Indiana

4

with the chance to respond to this Motion to Convert by a date certain. Nerds/California waives any right to reply. If the Court orders conversion, Nerds/California proposes that Nerds/Indiana be allowed to present a brief in Response by a date certain and that Nerds/California be permitted to Reply no later than fifteen days afterwards, all pursuant to Rules 12(c) and 56 and S.D.Ind.L.R 56-1. All briefing would then be concluded and the merits of the issue could then be addressed.

IV. <u>The Undisputed Facts</u>

Nerds/California will not—because it may not—submit any new arguments in support of its pending Motion to Dismiss. Instead, Nerds/California simply lists the following Undisputed Facts that could, if applied, summarily resolve the personal jurisdiction issue on the merits: Undisputed Facts 1, 2, 3, 5, 5-12, 21, 22, and 25-32. Nerds/Indiana will undoubtedly argue that other Undisputed Facts support the Court's exercise of jurisdiction. Nerds/California can, and will, reply to those arguments in its Reply Brief should conversion be granted.

**CONCLUSION**

Converting the pending Motion to Dismiss into a Motion for Summary Judgment by applying the now Undisputed Facts is an efficient use of the Parties' efforts and the Court's time. Nerds/California respectfully requests conversion so that its personal jurisdiction challenge can be timely addressed on its merits.

DATED: December 19, 2008    SEQUOIA COUNSEL PC

By:    /s/ DANIEL N. BALLARD
    Daniel N. Ballard
    Attorney for Nerds On Call, Inc. and Ryan Eldridge
    Sequoia Counsel PC
    770 L St., Suite 950
    Sacramento, CA 95814
    Telephone: 916.449.3950
    Facsimile: 916.200.0601
    e-mail: dballard@sequoiacounsel.com