UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NERDS ON CALL, INC. (INDIANA),<br><br>             Plaintiff,<br><br>vs.<br><br>NERDS ON CALL, INC. (CALIFORNIA)<br>and RYAN ELDRIDGE,<br><br>             Defendants. | Case No.: 1:07-cv-0535-DFH-TAB<br><br>*Granted.*<br>*D.F. Hamilton, USDJ*<br><br>DATED: 2/9/2009 |

## JOINT MOTION TO REQUEST PUBLICATION

Plaintiff Nerds On Call, Inc. ("Nerds/Indiana") and Defendants Nerds On Call, Inc. and Ryan Eldridge (cumulatively "Nerds/California") request that the Court publish its Order entitled "Entry On Defendants' Motion For Reconsideration" dated December 22, 2008 [Dkt. 70] ("Order"). This request is made pursuant to Circuit Rule 32.1(c).

### ARGUMENT

I.    Procedural Background

Nerds/Indiana and Nerds/California both use the trademark NERDS ON CALL to offer computer-related services to consumers. Nerds/Indiana filed suit for trademark infringement. [Dkt. 1]. Nerds/California moved to dismiss for lack of personal jurisdiction [Dkt. 15]. The Court denied the Motion to Dismiss [Dkt. 47] but, after reconsideration, entered an Order dismissing the complaint with leave to amend by a date certain [Dkt.70]. An amended complaint was not filed by that date and so this action will be dismissed in due course. See Dkt. 70 at p.19. The parties now request that the Order dismissing the complaint be published.

1

II.  Rule

"Any person may request by motion that an order be reissued as an opinion." Circuit Rule 32.1. The motion should state why the change would be appropriate. *Id.* Although it is Seventh Circuit policy "to avoid issuing unnecessary opinions," courts have broad discretion in their publication decisions. *Id.*; *Krull v. Celotex Corp.,* 827 F.2d 80, 83 (7th Cir. 1987) (holding that district court had authority to publish an opinion long after the ruling was entered and noting that courts have "broad discretion" in their publication decisions) (citation omitted).

III. Rationale

The Court's Order should be published because it (1) significantly clarifies the Seventh Circuit's "effects test" personal jurisdiction law and (2) more fully develops personal jurisdiction law as applied to actions involving trademarks that are published on websites.

The Court's Order is, to the parties' knowledge, the most thorough analysis of the controlling "effects test" law that has yet been rendered. When briefing the issue, the parties could cite only three published decisions on the subject.[1] In fact, the case that this Court found most illuminating was also unpublished.[2] The Court's well-reasoned analysis and reconciliation of *Calder*, *Indianapolis Colts*, *Janmark,* and *Wallace* would offer much needed insight and guidance to future litigants in this Circuit. In particular, the Court's in-depth consideration of the distinction between where an alleged injury occurs and where the effect of that injury is felt is a nuance that, for personal jurisdiction purposes, needs to be more fully appreciated by litigants in the Seventh Circuit.

---

[1] *Hy Cite Corp. v. Badbusinessbureau.com, L.L.C.*, 297 F.Supp.2d 1154 (W.D.Wis.,2004); *International Medical Group, Inc. v. American Arbitration Ass'n*, 149 F.Supp.2d 615 (S.D.Ind.,2001); *Neogen Corp. v. Neo Gen Screening, Inc.,* 109 F. Supp.2d 724 (W.D.Mich. 2000).

[2] See Dkt. 70 at pp.10 – 11 (relying on *Medallion Products, Inc. v. H.C.T.V., Inc.*, 2007 WL 3085913 (N.D. Ill. 2007)).

In addition, the Court's holding that it could not assert jurisdiction over Nerds/California based on its website usage of the disputed trademark because the parties' respective trademark rights are geographically limited is a statement of law that, to the parties' knowledge, is missing from published decisions. The Court's reasoning when resolving this question has already been noted by at least one well-respected internet law commentator.[3]

**CONCLUSION**

Far from an "unnecessary opinion," the Court's Order deftly explains some rather confusing case law. The Order should be published to provide it with the persuasive force that it deserves.

Respectfully submitted,

DATED: February 2, 2009       SEQUOIA COUNSEL PC

By: /s/ DANIEL N. BALLARD
    Daniel N. Ballard
    Attorneys for Nerds On Call, Inc. and Ryan Eldridge
    SEQUOIA COUNSEL PC
    Sequoia Counsel PC
    770 L St., Suite 950
    Sacramento, CA 95814
    Telephone: 916.449.3950
    Facsimile: 916.200.0601
    e-mail: dballard@sequoiacounsel.com

DATED: February 2, 2009       SOVICH MINCH, LLP

By: /s/ THEODORE J. MINCH   (consent granted on 02/02/09)
    Theodore J. Minch
    Attorneys for Nerds On Call, Inc.
    SOVICH MINCH, LLP
    10099 Chesapeake Drive, Suite 100
    McCordsville, Indian a 46055
    Telephone: 317.335.3601
    Facsimile: 317.335.3602
    e-mail: tjminch@sovichminch.com

---

[3] See < http://blog.ericgoldman.org/archives/2009/01/december_2008_q.htm >.